IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

## NOTICE OF INTENT TO SEEK THE DEATH PENALTY

The United States of America, through undersigned counsel and pursuant to 18 U.S.C. § 3593(a), notifies the Court and defendant ROBERT BOWERS that the United States believes the circumstances in Counts One through Eleven and Twenty-Three through Thirty-Three of the Superseding Indictment, Doc. No. 44, are such that, in the event of a conviction, a sentence of death is justified under 18 U.S.C. §§ 3591-3598, and that the United States will seek the sentence of death for these offenses: Obstruction of Free Exercise of Religious Beliefs Resulting in Death (Counts One through Eleven) and Use and Discharge of a Firearm to Commit Murder During and in Relation to a Crime of Violence and Possession of a Firearm in Furtherance of a Crime of Violence (Counts Twenty-Three through Thirty-Three), all of which carry a possible sentence of death.

The United States proposes to prove the following factors as justifying a sentence of death with regard to Counts One through Eleven and Twenty-Three through Thirty-Three as specified below:

(A)    ROBERT BOWERS was 18 years of age or older at the time of the offense. (Counts One through Eleven and Twenty-Three through Thirty-Three).

(B)    Statutory Threshold Factors Enumerated Under 18 U.S.C. § 3591(a)(2)(A)-(D):

1. **Intentional Killing.**   ROBERT BOWERS intentionally killed J.F., R.G., R.M., J.R., C.R., D.R., B.S., S.S., D.S., M.W., and I.Y.   18 U.S.C.

§ 3591(a)(2)(A).   (Counts One through Eleven and Twenty-Three through Thirty-Three).

2. **Intentional Infliction of Serious Bodily Injury.**   ROBERT BOWERS intentionally inflicted serious bodily injury that resulted in the deaths of J.F., R.G., R.M., J.R., C.R., D.R., B.S., S.S., D.S., M.W., and I.Y.   18 U.S.C. § 3591(a)(2)(B).   (Counts One through Eleven and Twenty-Three through Thirty-Three).

3. **Intentional Participation in an Act Resulting in Death.**   ROBERT BOWERS intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and J.F., R.G., R.M., J.R., C.R., D.R., B.S., S.S., D.S., M.W., and I.Y. died as a direct result of the act.   18 U.S.C. § 3591(a)(2)(C).   (Counts One through Eleven and Twenty-Three through Thirty-Three).

4. **Intentional Engagement in an Act of Violence, Knowing that the Act Created a Grave Risk of Death to a Person.**   ROBERT BOWERS intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that the participation in the act constituted a reckless disregard for human life, and J.F., R.G., R.M., J.R., C.R., D.R., B.S., S.S., D.S., M.W., and I.Y. died as a direct result of the act.   18 U.S.C. § 3591(a)(2)(D). (Counts One through Eleven and Twenty-Three through Thirty-Three).

(C)     Statutory Aggravating Factors Enumerated Under 18 U.S.C. § 3592(c):

    1.  **Grave Risk of Death to Additional Persons.**  ROBERT BOWERS, in the commission of the offense, and in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense, to include responding public safety officers A.B., J.C., J.G., J.H., T.M., D.M., A.M., J.P., J.R., M.S., M.S.2 and C.T.   18 U.S.C. § 3592(c)(5).   (Counts One through Eleven and Twenty-Three through Thirty-Three).

    2.  **Substantial Planning and Premeditation.**  ROBERT BOWERS committed the offense after substantial planning and premeditation to cause the death of a person.  18 U.S.C. § 3592(c)(9).  (Counts One through Eleven and Twenty-Three through Thirty-Three).

    3.  **Vulnerable Victims.**  ROBERT BOWERS committed the offense against a victim who was particularly vulnerable due to old age (Counts One, Three, Seven through Ten, Twenty-Three, Twenty-Five, and Twenty-Nine through Thirty-Two) and infirmity (Counts Five, Six, Twenty-Seven, and Twenty-Eight).   18 U.S.C. § 3592(c)(11).

    4.  **Multiple Killings or Attempted Killings.**  ROBERT BOWERS intentionally killed and attempted to kill more than one person in a single criminal episode. 18 U.S.C. § 3592(c)(16).   (Counts One through Eleven and Twenty-Three through Thirty-Three).

(D)     Non-Statutory Aggravating Factors Identified Under 18 U.S.C. § 3593(a)(2):

    1.  **Victim Impact.**  ROBERT BOWERS caused injury, harm, and loss to J.F., R.G., R.M., J.R., C.R., D.R., B.S., S.S., D.S., M.W., and I.Y., as well as to the

family, friends, and co-workers of those individuals.  The injury, harm, and loss caused by ROBERT BOWERS with respect to each deceased victim is evidenced by the victim's personal characteristics and by the impact of the victim's death upon his or her family, friends, associates, and co-workers. (Counts One through Eleven and Twenty-Three through Thirty-Three).

2. **Killings Motivated by Religious Animus.**  ROBERT BOWERS expressed hatred and contempt toward members of the Jewish faith and his animus toward members of the Jewish faith played a role in the killings of J.F., R.G., R.M., J.R., C.R., D.R., B.S., S.S., D.S., M.W., and I.Y.   (Counts One through Eleven and Twenty-Three through Thirty-Three).

3. **Selection of Site.**  ROBERT BOWERS targeted men and women participating in Jewish religious worship at the Tree of Life Synagogue, located in the Squirrel Hill neighborhood of Pittsburgh, Pennsylvania, which is home to one of the largest and oldest urban Jewish populations in the United States, in order to maximize the devastation, amplify the harm of his crimes, and instill fear within the local, national, and international Jewish communities.   (Counts One through Eleven and Twenty-Three through Thirty-Three).

4. **Lack of Remorse.**  ROBERT BOWERS has demonstrated a lack of remorse for the offenses charged in the Superseding Indictment, as evidenced by his statements and actions during the course of and following the commission of the offenses.   (Counts One through Eleven and Twenty-Three through Thirty-Three).

5. **Injury to Surviving Victims.**  ROBERT BOWERS caused serious physical and emotional injury, including maiming, disfigurement, permanent disability,

severe psychological impacts, and grievous economic hardship to individuals who survived the offense, to include: 1) physically injured civilian survivors, D.L. and A.W.; 2) otherwise injured civilian survivors, C.B., D.D., J.C., L.F., A.G., M.G., J.M., J.P., D.R.2, A.S., J.S., S.W., and B.W.; 3) physically injured law enforcement survivors, A.B., T.M., D.M., J.P. and M.S.; and 4) otherwise injured law enforcement survivors, J.C., J.G., J.H., A.M., J.R., M.S.2, and C.T. (Counts One through Eleven and Twenty-Three through Thirty-Three).

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

TROY RIVETTI
Assistant U.S. Attorney
PA ID No. 56816

SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

JULIA GEGENHEIMER
Special Litigation Counsel
Civil Rights Division
NY ID No. 4949475