IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**RESPONSE TO GOVERNMENT'S MOTION TO COMPEL
COMPLIANCE WITH RECIPROCAL DISCOVERY OBLIGATIONS**

Defendant Robert Bowers, through counsel, files this response to the government's Motion to Compel Compliance with Reciprocal Discovery Obligations. (ECF 161.) The motion (i) hinges on this Court's acceptance of the government's baseless accusation that defense counsel have misrepresented the status of their trial preparation, (ii) reveals a fundamental misunderstanding of the parties' differing discovery obligations, and (iii) is premature. The motion should be denied.

First, as defense counsel advised the government in their letter of December 19, 2019, their investigation is ongoing, and they have not yet identified the materials they intend to introduce at trial. Indeed, the government has admitted that it "has not yet determined which records it intends to introduce" at trial. (ECF 161 at 4.) The government's suggestion that the defense has misrepresented the status of its investigation and trial preparation (ECF No. 161 at 3 (speculating that "it is inconceivable" and "highly unlikely" that the defense has not yet identified the evidence it intends to introduce at trial)) is unfounded and unworthy of this Court's consideration.

1

Second, the government's motion fails to recognize that Federal Rule of Criminal Procedure 16(b)(1) imposes discovery obligations on the accused that are far narrower than the government's. Specifically, Rule 16(b)(1)(a) requires the defendant to disclose "photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if: (i) the item is within the defendant's possession, custody, or control; **and** (ii) **the defendant intends to use the item in the defendant's case-in-chief at trial.**" (emphasis added**).** Likewise, Rule 16(b)(1)(b) requires disclosure of any "results or reports of any physical or mental examination and of any scientific test or experiment" that the defendant has in his "possession, custody, or control" **and** intends to use in his case-in-chief at trial.

In contrast, the government's obligations exceed those of the defense, requiring it to produce not only the items it intends to introduce at trial but also those items that are **material to preparing the defense** and those that were obtained from or belong to the defendant. Fed.R.Crim.P. 16(a)(1). Additionally, unlike the defense, whose obligations are limited to those items within their "possession, custody, or control," the government must exercise due diligence to learn of and produce items outside of their "possession, custody, or control." *See* Fed.R.Crim.P. 16(a)(1)(F)(2) (requiring production of items where "the attorney for the government knows--or through due diligence could know-- that the item exists"). The government's assertion that the defense is required to produce records beyond those it intends to introduce at trial is plainly wrong. (*See* ECF No. 161 at 4.)

Finally, as set forth in considerable detail in Mr. Bowers' Motion to Compel the Production of Discovery under Rule 16 and *Brady*, while the government has provided a significant number of materials to the defense, it has fallen short of its Rule 16(a) obligations. (*See* ECF No. 154.) Without the government's full compliance with Rule 16, the defense is not in a position to identify the evidence it intends to introduce at trial, and its reciprocal discovery obligations under Rule 16(b) have not yet been triggered. *See, e.g.*, *United States v. Crowder*, 325 F.Supp.3d 131, 135 (D.D.C. 2018) ("[A] defendant's obligation to disclose evidence she intends to use in her case-in-chief is triggered only if the government first "complies" with the defendant's request under Rule 16(a)(1)(E) for certain evidence within the government control.")

For these reasons, Mr. Bowers asks this Court to deny the government's Motion to Compel Compliance with Reciprocal Discovery Obligations.

Dated: January 16, 2020

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender