IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

## MEMORANDUM ORDER OF COURT

Robert J. Colville, United States District Judge

Before the Court are the Briefs (ECF Nos. 901 and 902) and Responses (ECF Nos. 906 and 907) submitted by the parties respecting the timing of the exchange of witness and exhibit lists in this matter. Consistent with this Court's Order at ECF No. 872, this issue has been fully briefed and is ripe for disposition.

The Government proposes the following deadlines for the exchange of witness and exhibit lists: (1) exchange of witness lists for the guilt and penalty phases on March 3, 2023; (2) exchange of exhibit lists for the guilt and penalty phases on April 14, 2023.[1] Gov't Br. 1, ECF No. 901. The Government suggests that its proposed deadlines are "efficient and will ensure that both parties have the time needed to mount meaningful rebuttal, a right guaranteed by the Federal Death Penalty Act ('FDPA')." *Id*. Defendant proposes that the Government file its list of witnesses at least three days before commencement of trial, and that the parties otherwise advise each other of their intended witnesses twenty-four hours before calling a witness.[2] Def.'s Br. 1, ECF No. 902.

---

[1] The Government's submissions in this case have indicated that the exchange of witness and exhibit lists will be made "with the understanding that the lists may be subject to change as the parties continue to prepare for trial and respond to arguments made to the jury by opposing counsel." Gov't Br. 2, ECF No. 1.

[2] Defendant has offered to provide a witness list to the Court ex parte to allow for potential jurors to review a list of potential witnesses as part of the juror questionnaire process in this matter. Def.'s Br. 3 n.3, ECF No. 902. The Court has tasked the parties with preparing blank questionnaires ahead of the questionnaire process in this matter, and notes that the parties will clearly be involved in review of the completed questionnaires. In light of the same, the Court is

1

With respect to exhibit lists, Defendant proposes that the Government provide its exhibit list for both phases of trial in this matter on April 14, 2023, and that the Defense provide its guilt phase exhibit list on May 1, 2023 and its penalty phase exhibit list one day after a guilty verdict, should one be entered. *Id.* at 1-2. Defendant asserts that Federal Rule of Criminal Procedure 16 does not require either party to provide a list of witnesses to the other party, but that, in a capital case, 18 U.S.C. § 3432 requires that a defendant be provided a list of the witnesses that will be produced at trial for proving the indictment at least three days prior to the commencement of voir dire. *Id.* at 2. Defendant further asserts that no statutes govern the production of exhibits in a criminal case, but that Defendant has no objection to the Government providing its exhibit list on April 14, 2023. *Id.* at 3. Defendant argues that his proposed deadlines for disclosure are "reasonable and provide[] ample opportunity for review and objections." *Id.* at 3.

Initially, while Defendant suggests that there is no statutory authority requiring a defendant to provide the Government with a witness or exhibit list ahead of trial, Defendant does not cite to authority holding that it is outside of this Court's discretion or authority to order such exchange. Further, Defendant has offered to provide an exhibit list for each phase of trial in this matter in advance of each respective phase. Accordingly, the only issue before the Court with respect to the exchange of exhibit lists is the timing of the same. Moreover, Defendant does not assert that that the exchange of witness or exhibit lists in this matter is in any way prejudicial or in violation of his rights. Indeed, the Court finds that the exchange of witness lists in advance of jury selection in this matter is in the interest of all parties, the Court, and efficiency generally, as it will allow the

---

hard-pressed to comprehend how Defendant's proposal of the submission of a witness list ex parte would prevent the Government from discovering the identities of Defendant's potential witnesses during the questionnaire process in the absence of extensive redactions and/or during the individual voir dire process without frustrating the Government's, and the Court's, ability to question potential jurors. The Defendant's briefing and proposal do not address this potential issue in any manner, despite the same being raised in the Government's Brief.

parties and the Court to question any potential juror as to their knowledge of or relationship to any potential witness.  The Court also recognizes the parties' right to mount a meaningful rebuttal in a capital case under the FDPA, which provides:

> The government and the defendant shall be permitted to rebut any information received at the hearing, and shall be given fair opportunity to present argument as to the adequacy of the information to establish the existence of any aggravating or mitigating factor, and as to the appropriateness in the case of imposing a sentence of death.

18 U.S.C. § 3593(c).

With respect to "Procedure When There Is No Controlling Law," Federal Rule of Criminal Procedure 57 provides that "[a] judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." Fed. R. Crim. P. 57(b).  Courts have held that a district court is within its authority to require disclosure of witnesses and exhibits in advance of trial.  *See United States v. Fletcher*, 74 F.3d 49, 54 (4th Cir. 1996) ("The district judge in the present case routinely requires an exchange of witness lists prior to criminal trial in the interests of justice and fairness.  While such exchanges are not mandatory, no federal court appears to have found the practice unconstitutional."); *United States v. Beckford*, 962 F. Supp. 748, 756 (E.D. Va. 1997) ("Hence, it seems rather clear that the inherent powers of the courts to fashion rules of discovery has been incorporated in the Rules by Fed.R.Crim.P. 57(b)"); *United States v. Northington*, No. CRIM.A. 07-550-05, 2012 WL 2873360, at *6 (E.D. Pa. July 12, 2012) ("It is well-settled that the district court has the discretion to decide the timing of expert discovery disclosures."); *United States v. Catalan Roman*, 376 F. Supp. 2d 108, 114–15 (D.P.R. 2005) ("Regardless of whether Rule 16 is inapplicable on its own terms or because defendants never triggered it, it is well-settled that district courts have inherent power to make and enforce reasonable rules of procedure, including disclosure rules. . . . Where faced with procedural gaps

3

arising under the FDPA because of its silence regarding disclosure, courts are crafting appropriate procedures pursuant to their inherent powers, importing standards from the Federal Rules of Criminal Procedure.").

Further, courts have ordered the exchange of witness and exhibit lists in capital cases. *See United States v. Tsarnaev*, Cr. No. 1:13-10200-GAO (D. Mass. Nov. 13, 2014), Doc. No. 650 (defendant's lists due two weeks after Government's preliminary lists and one week before questionnaire process scheduled to begin); *United States v. Roof*, Cr. No. 2:15-472-RMG (D.S.C. June 28, 2016), Doc. No. 223 (defendant's lists due one week after Government's lists); *United States v. Taveras*, 436 F. Supp. 2d 493, 503 (E.D.N.Y. 2006), *aff'd in part, vacated in part sub nom. United States v. Pepin*, 514 F.3d 193 (2d Cir. 2008) ("To permit full access of each side to prospective theories and evidence of the other, and to allow a more expeditious trial, the government's motion for reciprocal discovery is granted. After the government has supplied its list, defendant's witness list for the guilt and penalty phases shall be provided to the government the day that voir dire begins. Exchange of this information may not only speed the trial but also may make the voir dire more informed, and therefore more fair."). Defendant does not cite to a case wherein such exchange was found to violate a defendant's constitutional rights, nor does Defendant set forth argument supporting any inference of prejudice from such exchange in this matter. The Court finds that it has the discretion and authority to require the exchange of witness lists in advance of jury selection in this matter and the exchange of exhibit lists in advance of trial, and that such exchange is warranted in this case. Upon consideration of the parties' arguments, the authorities cited by the parties, and all relevant factors, it is hereby ORDERED as follows:

(1) The Government shall provide Defendant with its witness lists for the guilt phase and potential penalty phase in this matter by **February 24, 2023**. Defendant shall provide the

Case 2:18-cr-00292-RJC   Document 927   Filed 01/24/23   Page 5 of 5

5

Government with his witness lists for the guilt phase and potential penalty phase in this matter by **March 3, 2023**.

(2) The Government shall provide Defendant with its exhibit list for the guilt phase of the trial in this matter by **April 7, 2023**.  Defendant shall provide the Government with his exhibit list for the guilt phase of the trial in this matter by **April 14, 2023**.

(3) The Government shall provide Defendant with its exhibit list for a potential penalty phase in this matter by **April 14, 2023**.  Defendant shall provide the Government with his exhibit list for a potential penalty phase in this matter by **May 8, 2023**.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: January 24, 2023

cc: All counsel of record