IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ROBERT BOWERS

Criminal No. 18-292

**UNITED STATES' AMENDED PENALTY PHASE JURY INSTRUCTIONS**

     Pursuant to this Court's Order that the parties submit any supplemental instructions based on the bifurcation of the penalty phase, the United States hereby submits amended proposed eligibility and sentence selection-phase jury instructions for this Court's consideration.

     The United States intends to offer additional instructions as may become necessary during the course of the trial or based upon the defendant's proposed instructions.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

By:     s/Troy Rivetti
     TROY RIVETTI
     Assistant U.S. Attorney
     PA ID No. 56816

     s/Soo C. Song
     SOO C. SONG
     Assistant U.S. Attorney
     DC ID No. 457268

     s/Eric G. Olshan
     ERIC G. OLSHAN
     Assistant U.S. Attorney
     IL ID No. 6290382

s/Nicole Vasquez Schmitt
NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
PA ID No. 320316

s/Mary J. Hahn
MARY J. HAHN
Trial Attorney
Civil Rights Division
DC ID No. 500193

s/ Barry K. Disney
Barry K. Disney
Trial Attorney
Capital Case Section
KS ID No. 13284

**Proposed Eligibility Phase Instruction 1 (Government)**

## PRELIMINARY INSTRUCTIONS
(To be given before receiving evidence in the eligibility phase)

Members of the Jury, you have unanimously found Robert Bowers guilty of the offenses of obstruction of exercise of religion resulting in death (as charged in Counts 1 through 11) and use of a firearm to commit murder during and in relation to a crime of violence (as charged in Counts 23 through 33) of the Superseding Indictment.  You must now consider whether Robert Bowers is eligible for the death penalty.

For Robert Bowers to be eligible for a death sentence on any count, you must determine unanimously whether each of the following 3 propositions has been proved beyond a reasonable doubt as to that count:

First, you must find unanimously and beyond a reasonable doubt that Robert Bowers was at least 18 years of age at the time of the offense; and

Second, you must determine unanimously whether the Government has proven beyond a reasonable doubt at least one of the following 4 intent factors for each count.  These intent factors are called "gateway factors."  They are:

- that Robert Bowers intentionally killed the victim named in the count; or

- that Robert Bowers intentionally inflicted serious bodily injury that resulted in the death of the victim named in the count; or

- that Robert Bowers intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person (other than Robert Bowers), and the victim named in the count died as a direct result of the act; or

- that Robert Bowers intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person (other than Robert Bowers), such that participation in the act constituted a reckless disregard for human life and the victim named in the count died as a direct result of the act; and

Third, you must determine unanimously whether the Government has proven beyond a reasonable doubt the existence of at least 1 statutory aggravating factor for each count. I will define the term "aggravating factors" for you shortly.

If, after fair and impartial consideration of all the evidence in this case, any one of you does not determine that the Government has proved those 3 propositions beyond a reasonable doubt as to a specific count, your deliberations will be over as to that specific count. If you do unanimously determine that the Government has proved those 3 propositions beyond a reasonable doubt on any count or counts, the eligibility phase will be concluded and we will move into the sentence selection phase, in which you will determine whether Robert Bowers will be sentenced to death or life imprisonment without possibility of release.

A term that you have already heard and will hear throughout this phase of the case is "aggravating factors." These factors concern the circumstances of the crime or the personal traits, character or background of Robert Bowers and the effect of the offense on the victims and/or the victims' families.

The word "aggravate" means "to make worse or more offensive" or "to intensify." An aggravating factor, then, is a fact or circumstance which would tend to support imposition of the death penalty.

In the federal death penalty statute, a number of aggravating factors are listed. These are called "statutory aggravating factors." As I instructed you earlier, before you may consider

imposition of the death penalty, you must determine that the Government proved at least 1 of these aggravating factors specifically listed in the death penalty statute, and your finding must be unanimous and beyond a reasonable doubt.  In addition to statutory aggravating factors, there may also be non-statutory aggravating factors not specifically set out in the death penalty statute, but which are permitted by law.  You will not consider non-statutory aggravating factors in this phase of the trial, but you will consider them if the case progresses to the sentence selection phase.

The Government alleges the following statutory aggravating factors:

- That, in the commission of the offenses in Counts1 through 11 and 23 through 33, Robert Bowers knowingly created a grave risk of death to one or more persons in addition to the victims of the offense;

- That Robert Bowers committed the offenses in Counts 1 through 11 and 23 through 33 after substantial planning and premeditation to cause the death of a person;

- That Robert Bowers committed the offenses in Counts 1, 3, 7 through 10, 23, 25, and 29 through 32 against a victim who was particularly vulnerable due to old age and committed the offenses in Counts 5, 6, 27, and 28 against a victim who was infirm; and;

- That, in committing the offenses in Counts 1 through 11 and 23 through 33, Robert Bowers intentionally killed and attempted to kill more than 1 person in a single criminal episode.

Authority:

Model Crim. Jury Instr. 8th Cir. § 12.01 (2021) (modified)

**Proposed Eligibility Phase Instruction 2 (Government)**

**<u>GENERAL RULE:  BURDEN OF PROOF</u>**

(This instruction is to be given at the beginning of the eligibility phase, before the introduction of evidence.)

As I have just instructed you, the Government must meet its burden of proof beyond a reasonable doubt.  A "reasonable doubt" – as I explained to you during the guilt phase of this trial – is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence received in this trial.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture or speculation are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  A reasonable doubt means a doubt that would cause an ordinary reasonable person to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

Authority:

Model Crim. Jury Instr. 3rd Cir. § 1.13 (2021) modified

Model Crim. Jury Instr. 8th Cir. § 12.02 (2021) modified

**Proposed Eligibility Phase Instruction 3 (Government)**

**<u>GENERAL RULE: EVIDENCE</u>**

(This instruction is to be given at the beginning of the **eligibility** phase, before the introduction of evidence.)

You must make your decision in this case based only on the evidence that you see and hear in the courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.  The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) Statements and arguments of the lawyers for the parties in this case;

(2) Questions by the lawyers and questions that I might ask.

You must not assume that a fact is true just because one of the lawyers or I ask a question about it.  It is the witness answers that are evidence.  Of course, you may need to consider the question to know what a witness means by his or her answer.  For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying.

(3) Objections by lawyers, including objections in which the lawyers state facts;

(4) Any testimony I strike or tell you to disregard; and

(5) Anything you may see or hear about this case outside the courtroom.  You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience

and common sense tell you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

The rules of evidence control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  An objection simply means that the lawyer is asking me to decide whether the evidence should be allowed under the rules.  Lawyers have a responsibility to their clients to make objections when they think evidence being offered is improper under the rules of evidence.  You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence.  If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other.  I may allow evidence (testimony or exhibits) only for a limited purpose.  If I do that, I will instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will not be received as evidence.  Whenever I sustain an objection, you must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a lawyer objects or before I rule on the objection.  If that happens and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record.  If I do that, I will instruct you to disregard that evidence.  That means, when you are

deciding the case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may call your attention to certain facts or factual conclusions that they think are important, what the lawyers say is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision.  Also, do not assume from anything I do or say during the trial that I have any opinion about the evidence or about any of the issues in this case or about what your verdict should be.

Authority:

Model Crim. Jury Instr. 3d. Cir.§ 1.08 (2021)

**Proposed Eligibility Phase Instruction 4 (Government)**

## FINAL INSTRUCTIONS

## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in determining whether Robert Bowers is eligible for a death sentence. I have also prepared a special verdict form that you must complete. The form details special findings you must make in this case and will help you perform your duties properly.

So let me now discuss with you in summary form, first, the deliberative steps that you must follow in considering the issues before you as to each capital offense. I will then discuss in greater detail each of these steps.

First, you will consider whether the Government has proven beyond a reasonable doubt and to your unanimous satisfaction that Robert Bowers was at least 18 years old at the time of the capital offenses for which you have found him guilty.

Second, you will consider, as appropriate, whether the Government has proven beyond a reasonable doubt and to your unanimous satisfaction one or more gateway intent factors as to each of the capital offenses for which you have found Robert Bowers was at least 18 years old at the time of the capital offense.

Third, you will consider, as appropriate, whether the Government has proven beyond a reasonable doubt and to your unanimous satisfaction at least 1 statutory aggravating factor alleged as to each of the capital offenses for which you have found Robert Bowers was at least 18 years of age at the time of the capital offense and have found the existence of at least 1 gateway intent factor.

Although I will be discussing the capital counts as a group, your findings as to Robert Bowers's age, the gateway intent factors, and statutory aggravating factors must address each count individually.

Authority:

Transcript, Jury Instructions in United States v. Tsarnaev, 2:13-4 cr-10200-GAO (D. Mass. May 13, 2015) (attached as Exhibit B)

Transcript, Jury Instructions in United States v. Roof, 2:15-cr-00472-RMG (D.S.C. Jan. 10, 2017) (attached as Exhibit A)

**Proposed Eligibility Phase Instruction 5 (Government)**

**<u>GENERAL RULE: BURDEN OF PROOF</u>**

Under the federal death penalty statute, there are certain requirements that must be met before you may consider a death sentence.  As I have instructed you, you must first determine whether the Government proved the age requirement, at least 1 gateway intent factor, and at least 1 statutory aggravating factor.  You may find these allegations true only if you are unanimously persuaded beyond a reasonable doubt.

Authority:

Transcript, Jury Instructions in <u>United States v. Roof</u>, 2:15-cr-00472-RMG (D.S.C. Jan. 10, 2017) (attached as Exhibit A)

**Proposed Eligibility Phase Instruction 6 (Government)**

**GENERAL RULE: EVIDENCE**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let media reports, social media, views of your families and friends, rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

1.  The testimony of the witnesses;

2.  Documents and other things received as exhibits;

3.  Any fact or testimony that was stipulated; that is, formally agreed to by the parties; and

4.  Any facts that have been judicially noticed—that is, facts that I say you may accept as true even without other evidence.

The following are not evidence:

1.  The Superseding Indictment;

2.  Statements and arguments of the lawyers for the parties in this case;

3.  Questions by the lawyers and questions that I might have asked;

4.  Objections by lawyers, including objections in which the lawyers stated facts;

5.  Any testimony I struck or told you to disregard; and

6.  Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experiences with people and events, and give it whatever weight you believe it deserves.  If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.  During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.  These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made.  You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard.  When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.  When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.  You must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.  If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.  When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision in this

case.  Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

Authority:

Model Crim. Jury Instr. 3d Cir. § 3.02 (2021), modified to conform to the guilt phase instructions.

**Proposed Eligibility Phase Instruction 7 (Government)**

**GENERAL RULE: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Two types of evidence may be used in this phase of the trial, "direct evidence" and "circumstantial (or indirect) evidence."  As in the guilt phase, you may use both types of evidence in reaching your eligibility-phase verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses—something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The Government may ask you to draw one inference, and the defense may ask you to draw another.  You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this phase of the trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

Authority:

Model Crim. Jury Instr. 3d Cir. § 3.03 (2021)

**Proposed Eligibility Phase Instruction 8 (Government)**

**<u>GENERAL RULE: EXHIBITS</u>**

During the trial, items were received into evidence as exhibits.  Unless I instruct otherwise, these exhibits will be sent into the jury room with you when you begin to deliberate.  You may examine any of the exhibits if you think it would help you in your deliberations.

Authority:

Transcript, Jury Instructions in <u>United States v. Roof</u>, 2:15-cr-00472-RMG (D.S.C. Jan. 10, 2017) (attached as Exhibit A)

**Proposed Eligibility Phase Instruction 9 (Government)**

## **GENERAL RULE: CREDIBILITY OF WITNESSES**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief: Was the witness truthful?  Was the witness's testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

1. The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

2. The quality of the witness's knowledge, understanding, and memory;

3. The witness's appearance, behavior, and manner while testifying;

4. Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

5. Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

6. Whether the witness said or wrote anything before trial that was different from the witness's testimony in court;

7. Whether the witness's testimony was consistent or inconsistent with other evidence that you believe; and

8. Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness's testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness's testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness's bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness's testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

Authority:

Model Crim. Jury Instr. 3d Cir. § 3.04 (2021)

**Proposed Eligiblity Phase Instruction 10 (Government)**

## <u>GENERAL RULE: JURY NOT TO CONSIDER DEFENDANT'S DECISION NOT TO TESTIFY [if applicable]</u>

Robert Bowers did not testify in this case.  Robert Bowers has an absolute constitutional right not to testify.  The burden of proof remains with the prosecution throughout the entire trial and never shifts to Robert Bowers.  Robert Bowers is never required to prove that he is innocent.  You must not attach any significance to the fact that Robert Bowers did not testify.  You must not draw any adverse inference against him that he did not take the witness stand.  Do not consider, for any reason at all, the fact that Robert Bowers did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

Authority:

Model Crim. Jury Instr. 3d Cir. § 4.27 (2021)

**Proposed Eligibility Phase Instruction 11 (Government)**

**<u>GENERAL RULE: STATEMENTS OF DEFENDANT</u>**

The Government introduced evidence that Robert Bowers made statements to law enforcement officials.  You must decide whether Robert Bowers did in fact make the statements.  If you find that he did make the statements, then you must decide what weight, if any, you feel the statements deserve.  In making this decision, you should consider all matters in evidence having to do with the statements, including those concerning Robert Bowers and the circumstances under which the statements were made.

Authority:

Model Crim. Jury Instr. 3d Cir. § 4.32 (2021)

**Proposed Eligibility Phase Instruction 12 (Government)**

**<u>GENERAL RULE: LAW ENFORCEMENT WITNESSES</u>**

You have heard the testimony of law enforcement officers.  The fact that a witness is employed as a law enforcement officer does not mean that their testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.  You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

Authority:

Model Crim. Jury Instr. 3d Cir. § 4.18 (2021)

**Proposed Eligibility Phase Instruction 13 (Government)**

**GENERAL RULE: EXPERT WITNESSES**

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from [names of testifying experts].  Because of their knowledge, skill, experience, training, or education in the field of [state the witness(es)'s field], they were permitted to offer opinions in that field and the reasons for those opinions.

The opinions these witnesses state should receive whatever weight you think appropriate, given all the other evidence in the case.  In weighing this opinion testimony you may consider the witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses.  You may disregard an opinion entirely if you decide that the witness's opinion is not based on sufficient knowledge, skill, experience, training, or education.  You may also disregard the opinion if you conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinion is not supported by the facts shown by the evidence, or if you think that the opinion is outweighed by other evidence.

Authority:

Model Crim. Jury Instr. 3d Cir. § 4.08 (2021)

**Proposed Eligibility Phase Instruction 14 (Government)**

## SEPARATE CONSIDERATION OF EACH COUNT

The Superseding Indictment in this case charges 22 offenses that carry the death penalty as a possible punishment, Counts 1 through 11 and 23 through 33, and the Government has given notice of its intent to seek the death penalty based on each of those counts.  Each capital count charges a separate crime.  You must consider each count and the evidence relating to it separate and apart from every other count.  That is, you must decide separately what the evidence in the case shows about Robert Bowers and the appropriate sentence as to each count.  Your verdict on any count should not control your verdict on any other count.

Authority:

Transcript, Jury Instructions in United States v. Roof, 2:15-cr-00472-RMG (D.S.C. Jan. 10, 2017) (attached as Exhibit A)

**Proposed Eligibility Phase Instruction 15 (Government)**

## <u>INTRODUCTION TO SPECIFIC FINDINGS</u>

I will now provide you with additional instructions on the age requirement, gateway intent factors, and statutory aggravating factors that are being presented to you in this case. I again stress the importance of your giving careful and thorough consideration to all evidence before you. I also remind you of your obligation to follow the applicable law.

Authority:

Transcript, Jury Instructions in <u>United States v. Roof</u>, 2:15-cr-00472-RMG (D.S.C. Jan. 10, 2017) (attached as Exhibit A)

**Proposed Eligibility Phase Instruction 16 (Government)**

## FINDING AS TO DEFENDANT'S AGE (SECTION I OF ELIGIBILITY SPECIAL VERDICT FORM)

For Robert Bowers to be eligible for the death penalty on any count, you must first unanimously agree beyond a reasonable doubt that Robert Bowers was 18 years of age or older at the time he committed each capital count.  The parties have stipulated that Mr. Bowers was at least eighteen years old at the time of the charged offenses. In making your findings on this issue, you may rely on that stipulation.

If you unanimously make that finding, you should so indicate on the appropriate page of the Special Verdict Form and continue your deliberations.  If you do not unanimously make that finding, you should so indicate on the appropriate page of the Special Verdict Form and follow the directions on page 4 of the form.  No further deliberations will be necessary.

Authority:

Model Crim. Jury Instr. 8th Cir. § 12.05 (2021)

**Proposed Eligibility Phase Instruction 17 (Government)**

## GATEWAY INTENT FACTORS (SECTION II OF ELIGIBILITY SPECIAL VERDICT FORM)

For Robert Bowers to be eligible for the death penalty on any count, you must also unanimously find beyond a reasonable doubt that Robert Bowers intentionally killed or committed acts resulting in the death of each victim in one of the 4 manners described below.  If you unanimously make that finding, you should so indicate on pages 5-6 of Section II of the Special Verdict Form and continue your deliberations.  If you do not unanimously make that finding, you should so indicate on pages 5-6 of Section II of the Special Verdict Form, and follow the instructions at the end of Section II on pages 6-7 and no further deliberations will be necessary.

As to each capital count (Counts 1 through 11 and 23 through 33), the Government alleges Robert Bowers intentionally killed or committed acts resulting in the death of the victims in the four manners described below:

- One: that Robert Bowers intentionally killed the victims named in each count by shooting them with a firearm.  To establish that Robert Bowers intentionally killed the victim, the Government must prove that Robert Bowers killed the victim with a conscious desire to cause the victim's death.

- Two: that Robert Bowers intentionally inflicted serious bodily injury that resulted in the deaths of the victims named in each count by shooting them, which resulted in the death of the victims.  The Government must prove that Robert Bowers deliberately caused serious injury to the victim's body which in turn caused the victim's death.  "Serious bodily injury" means a significant or considerable amount of injury which involves a substantial risk of death, unconsciousness, extreme physical pain, protracted

and obvious disfigurement, or protracted loss or impairment of a body member, organ or mental faculty.

- Three: that Robert Bowers intentionally participated in an act, contemplating that the life of each victim would be taken and intending that lethal force would be used in connection with a person (other than Robert Bowers), and the victims named in each count died as a direct result of the act.  The Government must prove that Robert Bowers deliberately shot each victim with a conscious desire that a person be killed or that lethal force be employed against a person.  The phrase "lethal force" means acts of violence capable of causing death.

- Four: that Robert Bowers intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person (other than Robert Bowers), such that participation in the act constituted a reckless disregard for human life and the victim named in each count died as a direct result of the act (by shooting the victim).

Intent or knowledge may be proved like anything else.  You may consider any statements made and acts done by Robert Bowers, and all the facts and circumstances in evidence which may aid in a determination of Robert Bowers's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

Authority:

Model Crim. Jury Instr. 8th Cir. § 12.06 (2021)

**Proposed Eligibility Phase Instruction 18 (Government)**

**<u>CONCLUDING REMARKS ON GATEWAY INTENT FACTORS</u>**

You may consider the statements made by Robert Bowers, the things that he did, and all the circumstances surrounding his actions and the killing of the victims, in determining whether he participated in or did an act with the intent I have just described.  It is not necessary that you find all 4 of the gateway intent factors I just described; 1 is sufficient.  If you find 1 or more of these gateway intent factors unanimously and beyond a reasonable doubt as to all counts, you are to indicate that finding on the appropriate line in Section II of the Special Verdict Form and continue deliberations.  If you unanimously find that the Government did not prove any of the gateway intent factors for any capital count, then you are to indicate that finding on the appropriate line in Section II.  In the event that you unanimously find beyond a reasonable doubt that the Government did prove a gateway intent factor as to some of the counts but not others, you're to indicate that finding on the appropriate line in Section II of the Special Verdict Form and also identify on the line provided, by count number, those specific counts as to which you find a gateway intent factor.  You should then proceed to the next step of your deliberations only as to those counts for which you unanimously found at least one gateway intent factor.

Authority:

Model Crim. Jury Instr. 8th Cir. § 12.06 (2021)

Transcript, Jury Instructions in <u>United States v. Tsarnaev</u>, 2:13-4 cr-10200-GAO (D. Mass. May 13, 2015) (attached as Exhibit B)

Transcript, Jury Instructions in <u>United States v. Roof</u>, 2:15-cr-00472-RMG (D.S.C. Jan. 10, 2017) (attached as Exhibit A)

**Proposed Eligibility Phase Instruction 19 (Government)**

## STATUTORY AGGRAVATING FACTORS (SECTION III OF ELIGIBILITY SPECIAL VERDICT FORM)

If you unanimously find beyond a reasonable doubt that Robert Bowers intentionally killed or committed acts resulting in the death of the victims in the manner described in the preceding Instruction, you must then determine whether the Government proved beyond a reasonable doubt the existence of any of the following alleged statutory aggravating factors with respect to the same capital count.  If you unanimously make that finding, you should so indicate in Section III on pages 8-10 of the Special Verdict Form and continue your deliberations.  If you do not unanimously find that the Government proved beyond a reasonable doubt the existence of any of the following alleged statutory aggravating factors, you should so indicate in Section III on pages 8-10 of the Special Verdict Form, and follow the instructions at the end of the section and no further deliberations will be necessary as to any count for which you do not make that finding.

The law directs you to consider and decide at this point only the existence or nonexistence of the statutory aggravating factors specifically alleged by the Government.  You are reminded that to find the existence of a statutory aggravating factor, your decision must be unanimous and beyond a reasonable doubt.

Authority:

Model Crim. Jury Instr. 8th Cir. § 12.07 (2021)

**Proposed Eligibility Phase Instruction 20 (Government)**

## CREATION OF A GRAVE RISK OF DEATH TO ONE OR MORE PERSONS IN ADDITION TO THE VICTIM (18 U.S.C. § 3592(c)(5))

The first statutory aggravating factor alleged by the Government is that Robert Bowers, in committing the offenses charged in Counts 1 through 11 and 23 through 33 created a grave risk of death to 1 or more persons in addition to the victims of those offenses.

To establish the existence of this factor, the Government must prove Robert Bowers knowingly created a grave risk of death to 1 or more persons in addition to the victims of the killing or murder, in committing the capital offense.

"Persons in addition to the victims" include innocent bystanders in the zone of danger created by Robert Bowers's acts, but does not include Robert Bowers.

"Grave risk of death" means a significant and considerable possibility that another person might be killed.

"Knowingly" creating such a risk means that Robert Bowers was conscious and aware that his conduct might create such a risk.

Knowledge may be proved like anything else.  You may consider any statements made and acts done by Robert Bowers, and all the facts and circumstances in evidence which may aid in a determination of Robert Bowers's knowledge.

Authority:

Model Crim. Jury Instr. 8th Cir. § 12.07E (2021)

**Proposed Eligibility Phase Instruction 21 (Government)**

## <u>COMMISSION OF THE OFFENSE AFTER SUBSTANTIAL PLANNING AND PREMEDITATION (18 U.S.C. § 3592(c)(9))</u>

The second statutory aggravating factor alleged by the Government is that Robert Bowers committed the offenses charged in Counts 1 through 11 and 23 through 33, for which you have found him guilty, after substantial planning and premeditation to cause the death of the victims.

"Planning" means mentally formulating a method for doing something or achieving some end.

"Premeditation" means thinking or deliberating about something and deciding whether to do it beforehand.

"Substantial" planning and premeditation means a considerable or significant amount of planning and premeditation.

Authority:

Model Crim. Jury Instr. 8th Cir. § 12.07I (2021)

**Proposed Eligibility Phase Instruction 22 (Government)**

## <u>VULNERABLE VICTIMS (18 U.S.C. § 3592(c)(11))</u>

The third statutory aggravating factor is that Robert Bowers committed the offenses on five victims who were particularly vulnerable due to old age and two victims who were particularly vulnerable due to infirmity.  This factor is alleged regarding the age of the victim only as to Counts 1 and 23, relating to the killing of Joyce Fienberg; Counts 3 and 25, relating to the killing of Rose Mallinger; Counts 7 and 29, relating to the killing of Bernice Simon; Counts 8 and 30, relating to the killing of Sylvan Simon; Counts 9 and 31, relating to the killing of Daniel Stein; and Counts 10 and 32, relating to the killing of Melvin Wax.  This factor is alleged regarding an infirmity only as to Counts 5 and 27, relating to the killing of Cecil Rosenthal; and Counts 6 and 28, relating to the killing of David Rosenthal.

To establish the existence of this factor, the Government must prove that Joyce Fienberg, Rose Mallinger, Bernice Simon, Sylvan Simon, Daniel Stein, and Melvin Wax were particularly vulnerable due to old age and that Cecil Rosenthal and David Rosenthal were particularly vulnerable due to infirmity.  You must unanimously agree that each victim was particularly vulnerable due to old age or infirmity and that there was a connection between the victim's vulnerability and the offense committed.  A connection does not necessarily mean that Robert Bowers targeted the victim because of the vulnerability; it means that once targeted, the victim was more susceptible to death because of the vulnerability.

The words "particularly" and "vulnerable" should be given their plain, ordinary, everyday meaning.

"Particularly" means especially, significantly, unusually, or high in degree.

"Vulnerable" means subject to being attacked or injured by reason of some weakness. Thus, to be "particularly vulnerable" means to be especially or significantly vulnerable, or vulnerable to an unusual or high degree.

"Old age" means advanced in years, aged, elderly, or an old person, that is, any person who was, by reason of a condition related to old age, significantly less able: (1) to avoid, resist, or withstand any attacks, persuasions, or temptations, or (2) to recognize, judge, or discern any dangers, risks, or threats.

"Infirmity" means a mental or physical weakness, disability, deficiency, illness, or condition which makes a person less able: (1) to avoid, resist, or withstand any attacks, persuasions, or temptations, or (2) to recognize, judge, or discern any dangers, risks, or threats.

Authority:

Model Crim. Jury Instr. 8th Cir. § 12.07K (2021), Model Crim. Jury Instr. 8th Cir. 12.07K (2021)

Transcript, Jury Instructions in United States v. Roof, 2:15-cr-00472-RMG (attached as Exhibit A)

**Proposed Eligibility Phase Instruction 23 (Government)**

**MULTIPLE KILLINGS OR ATTEMPTED KILLINGS (18 U.S.C. § 3592(c)(16))**

The fourth statutory aggravating factor alleged by the Government is that Robert Bowers intentionally killed or attempted to kill more than 1 person in a single criminal episode.

To establish the existence of this factor, the Government must prove that Robert Bowers intentionally killed more than 1 person in a single criminal episode.

"More than 1 person" means 1 or more other people in addition to the victim named in each count.   In this case, the Government alleges that Robert Bowers intentionally killed or attempted to kill the other individuals present at the Tree of Life Synagogue on the morning of October 27, 2018, in addition to killing the victim listed in each count.

"Intentionally killing" a person means killing a person on purpose, that is, willfully, deliberately, or with a conscious desire to cause a person's death, and not just accidentally or involuntarily.

"Attempting to kill" a person means purposely doing some act which constitutes a substantial step, beyond mere preparation or planning toward killing, a person, and doing so with the intent to cause a person's death.

"A single criminal episode" is an act or series of related criminal acts which occur within a relatively limited time and place, or are directed at the same person, or are part of a continuous course of conduct related in time, place, or purpose.

To prove that Robert Bowers acted intentionally, the Government must prove beyond a reasonable doubt that Robert Bowers committed an act deliberately and not by accident.   This means that the Government must prove beyond a reasonable doubt that either (1) it was Robert Bowers's conscious desire or purpose to act in a certain way or to cause a certain result, or (2)

Robert Bowers knew that he was acting in that way or would be practically certain to cause that result.

Often a person's state of mind with which he acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he is thinking.  However, Robert Bowers's state of mind can be proved indirectly from the surrounding circumstances.  In deciding whether Robert Bowers acted "intentionally," you may consider evidence about what Robert Bowers said, what Robert Bowers did and failed to do, how Robert Bowers acted, and all the other facts and circumstances shown by the evidence that may prove what was in Robert Bowers's mind at that time.  It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about Robert Bowers's state of mind.

You may also consider the natural and probable results or consequences of any acts Robert Bowers knowingly did, and whether it is reasonable to conclude that Robert Bowers intended those results or consequences.  You may find, but you are not required to find, that Robert Bowers knew and intended the natural and probable consequences or results of acts he knowingly did.  This means that if you find that an ordinary person in Robert Bowers's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that Robert Bowers did know and did intend that those consequences would result from his actions.  This is entirely up to you to decide as the finders of the facts in this case.

Authority:

Model Crim. Jury Instr. 3rd Cir. § 5.01 (2021) modified

Model Crim. Jury Instr. 8th Cir. § 12.07P (2021) modified

**Proposed Eligibility Phase Instruction 24 (Government)**

## CONCLUDING REMARKS ON STATUTORY AGGRAVATING FACTORS

As I mentioned earlier, you must unanimously find that at least 1 of these statutory aggravating factors has been proven beyond a reasonable doubt for a given count in order for you to consider the death penalty in the sentence selection phase. You may find that all of the statutory aggravating factors have been proven, but proof of only 1 is necessary to deliberate on that count in the sentencing selection phase. For each alleged statutory aggravating factor, if you find that aggravator unanimously and beyond a reasonable doubt as to all applicable counts, you are to indicate that finding on the appropriate line in Section III of the Special Verdict Form. If you unanimously find that the Government did not prove that aggravator for any applicable capital count, then you are to indicate that finding on the appropriate line in Section III. In the event that you unanimously find beyond a reasonable doubt that the Government did prove that aggravator as to some of the counts but not others, you are to indicate that finding on the appropriate line in Section III of the Special Verdict Form and also identify on the line provided, by count number, those specific counts as to which you found that aggravating factor.

Authority:

Transcript, Jury Instructions in United States v. Tsarnaev, 2:13-4 cr-10200-GAO (D. Mass. May 13, 2015) (attached as Exhibit B)

**Proposed Eligibility Phase Instruction 25 (Government)**

## DUTY TO DELIBERATE AND CONSEQUENCES OF DELIBERATIONS

When you retire to the jury room, you should discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.  Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:

Transcript, Jury Instructions in <u>United States v. Roof</u>, 2:15-cr-00472-RMG (D.S.C. Jan. 10, 2017) (attached as Exhibit A)

**Proposed Eligibility Phase Instruction 26 (Government)**

## <u>JUSTICE WITHOUT DISCRIMINATION</u>

In your consideration of whether the death sentence is justified, you must not consider the race, color, religious beliefs, national origin, or sex of either Robert Bowers or the victims. You are not to return a sentence of death unless you would return a sentence of death for the crime in question without regard to the race, color, religious beliefs, national origin, or sex of either Robert Bowers or any victim.

To emphasize the importance of this consideration, Section VII of the Special Verdict Form contains a certification statement. Each juror should carefully read the statement, and sign in the appropriate place if the statement accurately reflects the manner in which each of you reached your decision.

Authority:

Model Crim. Jury Instr. 8th Cir. § 12.13 (2021)

18 U.S.C. § 3593(f) ("In a hearing held before a jury, the court, prior to the return of a finding under subsection (e), shall instruct the jury that, in considering whether a sentence of death is justified, it shall not consider the race, color, religious beliefs, national origin, or sex of the defendant or of any victim and that the jury is not to recommend a sentence of death unless it has concluded that it would recommend a sentence of death for the crime in question no matter what the race, color, religious beliefs, national origin, or sex of the defendant or of any victim may be. The jury, upon return of a finding under subsection (e), shall also return to the court a certificate, signed by each juror, that consideration of the race, color, religious beliefs, national origin, or sex of the defendant or any victim was not involved in reaching his or her individual decision and that the individual juror would have made the same recommendation regarding a sentence for the crime in question no matter what the race, color, religious beliefs, national origin, or sex of the defendant or any victim may be.")

**Proposed Eligibility Phase Instruction 27 (Government)**

**ELIGIBILITY SPECIAL VERDICT FORM**

I have mentioned several times the form entitled "Eligibility Special Verdict Form," which will assist you during your deliberations.  You are required to record your decisions on this form. The Special Verdict Form provides space for you to indicate your decisions as to each capital count charged in the Superseding Indictment (Counts 1 through 11 and 23 through 33).  Although most of the aggravating factors alleged in this case may apply to all the capital counts, you must still consider each count separately and record your findings for each count in the appropriate spaces on the Special Verdict Form.  The process by which you must reach your decision requires that you make and record certain findings in a specific order.  Section I of the Special Verdict Form is where you will record your findings on Robert Bowers's age; Section II is where you will record your findings on the gateway intent factors; Section III is where you will record your findings on statutory aggravating factors; and Section IV contains the non-discrimination certification each juror must read and sign.  You are each required to sign the Special Verdict Form.

Authority:

Model Crim. Jury Instr. 8th Cir. § 12.20 (2021)

**Proposed Eligibility Phase Instruction 28 (Government)**

## <u>CONCLUDING INSTRUCTION</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court's security officer signed by the foreperson or by 1 or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will communicate -- and I will communicate with any member of the jury or anything concerning the case only in writing or orally here in open court.

Remember that you are not to tell anyone, including me, how the jury stands numerically or otherwise until after you have reached a unanimous verdict or have been discharged.

Authority:

Transcript, Jury Instructions in <u>United States v. Roof</u>, 2:15-cr-00472-RMG (D.S.C. Jan. 10, 2017) (attached as Exhibit A)

**Sentence Selection Phase Instruction 1 (Government)**

**<u>PRELIMINARY INSTRUCTIONS</u>**
(To be given before receiving evidence in the sentence selection phase)

Members of the Jury, you have unanimously found Robert Bowers guilty of the offenses of obstruction of exercise of religion resulting in death (as charged in Counts 1 through 11) and use of a firearm to commit murder during and in relation to a crime of violence (as charged in Counts 23 through 33) of the Superseding Indictment.  You have also unanimously determined that Robert Bowers was 18 years old or older at the time he committed the offenses listed in Counts [list counts], and that at least one gateway intent factor and statutory aggravating factor apply to those counts.  As such, you have determined that Robert Bowers is eligible for a death sentence on each of those counts.  You must now consider whether to impose a sentence of death or a sentence of life imprisonment without the possibility of release as to each count.

The law leaves this decision exclusively to you, the jury. If you determine that Robert Bowers should be sentenced to death or to life imprisonment without possibility of release, the court is required to impose that sentence.

Before you may consider whether to impose a sentence of death at any count, you must determine unanimously whether each of the following 3 propositions has been proved beyond a reasonable doubt as to that count:

In making that determination, you will first determine whether you unanimously find that the Government has proved the existence of any non-statutory aggravating factors beyond a reasonable doubt as each of those counts.  Next, you will determine whether any of you find that Robert Bowers has proved any mitigating factors by a <u>preponderance</u> of the evidence.  You must then engage in a weighing process.  For each capital offense for which you have found Robert

Bowers guilty, if you unanimously find that the aggravating factor or factors, which you all found to exist, sufficiently outweigh any mitigating factor or factors, which any one of you found to exist, to justify imposition of a sentence of death; or, if, in the absence of a mitigating factor or factors, you find that the aggravating factor or factors alone are sufficient to justify imposition of a sentence of death, and that death is therefore the appropriate sentence for that count or counts, the law provides that Robert Bowers must be sentenced to death.

If, after weighing the aggravating and mitigating factors, any one of you determines not to impose a sentence of death, the jury must then determine whether to impose a sentence of life imprisonment without possibility of release.

Again, whether or not the circumstances in this case justify a sentence of death is a decision that is entirely yours. You must not take anything I may say or do during this phase of the trial as indicating what I think of the evidence or what I think your verdict should be.

Two terms that you have already heard and will hear throughout this phase of the case are "aggravating factors" and "mitigating factors." These factors concern the circumstances of the crime or the personal traits, character or background of Robert Bowers and the effect of the offense on the victims and/or the victims' families.

The word "aggravate" means "to make worse or more offensive" or "to intensify." The word "mitigate" means "to make less severe" or "to moderate." An aggravating factor, then, is a fact or circumstance which would tend to support imposition of the death penalty. A mitigating factor is any aspect of Robert Bowers's character or background, any circumstance of the offenses, or any other relevant fact or circumstance which might indicate that Robert Bowers should not be sentenced to death.

We previously discussed "statutory aggravating factors," and you have determined that the Government proved at least 1of these aggravating factors specifically listed in the death penalty statute.  In addition to statutory aggravating factors, there may also be non-statutory aggravating factors not specifically set out in the death penalty statute, but which are permitted by law.  As with statutory aggravating factors, your finding that at least 1 non-statutory aggravating factor exists must be unanimous and beyond a reasonable doubt.  You may only consider non-statutory aggravating factors which have been specifically alleged by the Government and listed in these instructions.

Robert Bowers has the burden of proving any mitigating factors.  However, there is a different standard of proof as to mitigating factors.  You need not be convinced beyond a reasonable doubt about the existence of a mitigating factor; you need only be convinced that it is more likely true than not true in order to find that it exists; this standard is known as the preponderance of the evidence standard.  A unanimous finding is not required.  Instead, any one of you may find the existence of a mitigating factor, regardless of the number of other jurors who may agree.

After considering the non-statutory aggravating factors and mitigating factors presented in this phase of the trial, you then must weigh the statutory aggravating factors you have already found to exist, as well as any non-statutory aggravating factors you have all found to exist, against any mitigating factors you have individually found to exist, to determine the appropriate sentence.  Any juror may also weigh a mitigating factor found by another juror, even if he or she did not also find that factor to be mitigating.

I will give you detailed instructions regarding the weighing of aggravating and mitigating factors before you begin your deliberations.  However, I instruct you now that you must not simply

45

count the number of aggravating and mitigating factors and reach a decision based on which number is greater; on the contrary, you must consider the weight and value of each factor.

The Government alleges the following non-statutory aggravating factors:

- **Victim Impact**:  Robert Bowers caused injury, harm and loss to the victims named in each count (Counts 1 through 11 and 23 through 33), as well as to the family, friends, and co-workers of those victims;

- **Killings Motivated by Religious Animus**:  Robert Bowers expressed hatred and contempt toward members of the Jewish faith and his animus toward members of the Jewish faith played a role in the killings of the victims named in each count (Counts 1 through 11 and 23 through 33);

- **Selection of Site**:  Robert Bowers targeted men and women participating in Jewish religious worship at the Tree of Life Synagogue, located in the Squirrel Hill neighborhood of Pittsburgh, Pennsylvania, which is home to one of the largest and oldest urban Jewish populations in the United States, in order to maximize the devastation, amplify the harm of his crimes, and instill fear within the local, national, and international Jewish communities;

- **Lack of Remorse**:  Through his statements and actions during the course of and following the commission of the charged offenses, Robert Bowers demonstrated a lack of remorse for committing those crimes; and

- **Injury to Surviving Victims**:  Robert Bowers caused serious physical and emotional injury, including maiming, disfigurement, permanent disability, severe psychological impacts, and grievous economic hardship to individuals who survived the offense, to include (1) physically injured civilian survivors, Daniel Leger and Andrea Wedner.; 2)

otherwise injured civilian survivors, Carol Black, Doris Dyen,, Joseph Charney, Louis Fienberg, Audrey Glickman, Martin Gaynor, Jeffrey Myers, Jonathan Perlman, Deane Root, August Siriano, Judah Samet, Stephen Weiss, and Barry Werber; 3) physically injured law enforcement survivors, Anthony Burke, Timothy Matson, Daniel Mead, John Persin, and Michael Smidga; and 4) otherwise injured law enforcement survivors, John Craig, Jeffrey Garris, Jeremy Hurley, Andrew Miller, Joshua Robey, Michael Saldutte, and Clint Thimons.

Robert Bowers alleges the following mitigating factors: *(list factors)*.

Authority:

Model Crim. Jury Instr. 8th Cir. § 12.01 (2021)

**Proposed Sentence Selection Phase Instruction 2 (Government)**

**<u>GENERAL RULE:  BURDEN OF PROOF</u>**

(This instruction is to be given at the beginning of the sentence selection phase, before the introduction of evidence.)

As I have just instructed you, the Government must meet its burden of proof beyond a reasonable doubt.  A "reasonable doubt" – as I explained to you during the guilt phase of this trial – is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence received in this trial.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture or speculation are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  A reasonable doubt means a doubt that would cause an ordinary reasonable person to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

It is Robert Bowers'ss burden to establish any mitigating factors by the preponderance of the evidence.  To prove something by the preponderance of the evidence is to prove that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which of the evidence is more believable.

The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits presented by the Government or Robert Bowers.

Authority:

Model Crim. Jury Instr. 3rd Cir. § 1.13 (2021) modified

Model Crim. Jury Instr. 8th Cir. § 12.02 (2021) modified

**Proposed Sentence Selection Phase Instruction 3 (Government)**

## **GENERAL RULE: EVIDENCE**

(This instruction is to be given at the beginning of the sentence selection phase, before the introduction of evidence.)

You must make your decision in this case based only on the evidence that you see and hear in the courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.  The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) Statements and arguments of the lawyers for the parties in this case;

(2) Questions by the lawyers and questions that I might ask.

You must not assume that a fact is true just because one of the lawyers or I ask a question about it.  It is the witness answers that are evidence.  Of course, you may need to consider the question to know what a witness means by his or her answer.  For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying.

(3) Objections by lawyers, including objections in which the lawyers state facts;

(4) Any testimony I strike or tell you to disregard; and

(5) Anything you may see or hear about this case outside the courtroom.  You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience

and common sense tell you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

The rules of evidence control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. An objection simply means that the lawyer is asking me to decide whether the evidence should be allowed under the rules. Lawyers have a responsibility to their clients to make objections when they think evidence being offered is improper under the rules of evidence. You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence. If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other. I may allow evidence (testimony or exhibits) only for a limited purpose. If I do that, I will instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will not be received as evidence. Whenever I sustain an objection, you must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objects or before I rule on the objection. If that happens and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record. If I do that, I will instruct you to disregard that evidence. That means, when you are

deciding the case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may call your attention to certain facts or factual conclusions that they think are important, what the lawyers say is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision.  Also, do not assume from anything I do or say during the trial that I have any opinion about the evidence or about any of the issues in this case or about what your verdict should be.

Authority:

Model Crim. Jury Instr. 3d. Cir.§ 1.08 (2021)

**Proposed Sentence Selection Phase Instruction 4 (Government)**

## FINAL INSTRUCTIONS

## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in imposing a sentence on Robert Bowers. I have also prepared a special verdict form that you must complete. The form details special findings you must make in this case and will help you perform your duties properly.

So let me now discuss with you in summary form, first, the deliberative steps that you must follow in considering the issues before you as to each capital offense. I will then discuss in greater detail each of these steps.

First, you will consider, as appropriate, whether any non-statutory aggravating factors identified by the Government have been proven beyond a reasonable doubt and to your unanimous satisfaction as to each of the capital offenses for which you have found Robert Bowers was at least 18 years of age at the time of the offense and have also found the existence of at least 1 gateway intent factor and the existence of at least 1 statutory aggravating factor.

Second, you will consider, as appropriate, whether any of you individually or together with other jurors find that Robert Bowers has proved, by a preponderance of the evidence, any mitigating factor or factors.

Third, if you have found Robert Bowers was at least 18 years of age at the time of the particular offense under consideration, and have found at least 1 gateway intent factor and at least 1 statutory aggravating factor, you must then weigh the aggravating factors, statutory and non-

statutory, that you have unanimously found to exist and any mitigating factors that you personally have found to exist to determine the appropriate sentence.

You must decide, in regard to that particular capital offense, whether the aggravating factors that have been found to exist sufficiently outweigh the mitigating factors found to exist for that offense so as to justify imposing a sentence of death on Robert Bowers for that offense; or, if you do not find any mitigating factors, whether the aggravating factors alone are sufficient to justify imposing a sentence of death on Robert Bowers for that offense.

You must deliberate and determine the appropriate sentence for each of the capital counts individually. Although I will be discussing the capital counts as a group, your findings as to Robert Bowers's age, the gateway intent factors, aggravating factors, and all the other issues pertaining to those counts must address each count individually.

Authority:

Transcript, Jury Instructions in United States v. Tsarnaev, 2:13-4 cr-10200-GAO (D. Mass. May 13, 2015) (attached as Exhibit B)

Transcript, Jury Instructions in United States v. Roof, 2:15-cr-00472-RMG (D.S.C. Jan. 10, 2017) (attached as Exhibit A)

**Proposed Sentence Selection Phase Instruction 5 (Government)**

## GENERAL RULE: BURDEN OF PROOF

Under the federal death penalty statute, there are certain requirements that must be met before you may consider a death sentence. You have already determined that the Government proved the age requirement, at least 1 gateway intent factor, and at least 1 statutory aggravating factor.

You may now also find non-statutory aggravating factors, which are those not specifically set out by Congress in the federal death penalty statute, but which have been specifically identified by the Government for your consideration in this case. Again, you may find the non-statutory allegations true only if you are persuaded unanimously and beyond a reasonable doubt. Robert Bowers does not have the burden of disproving the existence of anything the Government seeks to prove. The burden is wholly upon the Government to prove its contentions beyond a reasonable doubt; the law does not require Robert Bowers to produce any evidence at all.

If Robert Bowers chooses to assert any mitigating factors, he has the burden of proving them. However, there is a different standard of proof as to mitigating factors. You need not be convinced beyond a reasonable doubt about the existence of a mitigating factor; you need only be convinced by a preponderance of the evidence or the greater weight of the evidence. This is a lesser standard of proof under the law than proof beyond a reasonable doubt. Something is established by a preponderance of the evidence if it is shown to be more likely so than not so. In other words, a preponderance of the evidence means evidence that, considered in light of all the facts, leads you to believe that what Robert Bowers claims is more likely true than not true.

Any evidence relating to mitigating factors should be fully discussed by all of you to ensure that each juror considers the matter carefully. I instruct you, however, that the law does not require

unanimity with regard to mitigating factors.  Any one of you may find the existence of a mitigating factor, regardless of the number of other jurors who may agree, and anyone who so finds may consider and weigh that mitigating factor in determining the appropriate sentence in this case.  The verdict form provides a space for you to indicate the number of jurors who find a particular mitigating factor.

Authority:

Transcript, Jury Instructions in <u>United States v. Roof</u>, 2:15-cr-00472-RMG (D.S.C. Jan. 10, 2017) (attached as Exhibit A)

**Proposed Sentence Selection Phase Instruction 6 (Government)**

## GENERAL RULE: EVIDENCE

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let media reports, social media, views of your families and friends, rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

5.   The testimony of the witnesses;

6.   Documents and other things received as exhibits;

7.   Any fact or testimony that was stipulated; that is, formally agreed to by the parties; and

8.   Any facts that have been judicially noticed—that is, facts that I say you may accept as true even without other evidence.

The following are not evidence:

7.   The Superseding Indictment;

8.   Statements and arguments of the lawyers for the parties in this case;

9.   Questions by the lawyers and questions that I might have asked;

10. Objections by lawyers, including objections in which the lawyers stated facts;

11. Any testimony I struck or told you to disregard; and

12. Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experiences with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.  During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.  These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made.  You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard.  When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.  When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.  You must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.  If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.  When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision in this

case.  Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

Authority:

Model Crim. Jury Instr. 3d Cir. § 3.02 (2021), modified to conform to the guilt phase instructions.

**Proposed Sentence Selection Phase Instruction 7 (Government)**

**GENERAL RULE: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Two types of evidence may be used in this phase of the trial, "direct evidence" and "circumstantial (or indirect) evidence." As in the guilt phase, you may use both types of evidence in reaching your sentence selection phase verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses—something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The Government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this phase of the trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

Authority:

Model Crim. Jury Instr. 3d Cir. § 3.03 (2021)

**Proposed Sentence Selection Phase Instruction 8 (Government)**

## <u>GENERAL RULE: EXHIBITS</u>

During the trial, items were received into evidence as exhibits.  Unless I instruct otherwise, these exhibits will be sent into the jury room with you when you begin to deliberate.  You may examine any of the exhibits if you think it would help you in your deliberations.

Authority:

Transcript, Jury Instructions in <u>United States v. Roof</u>, 2:15-cr-00472-RMG (D.S.C. Jan. 10, 2017) (attached as Exhibit A)

**Proposed Sentence Selection Phase Instruction 9 (Government)**

## GENERAL RULE: CREDIBILITY OF WITNESSES

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness's testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

9. The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

10. The quality of the witness's knowledge, understanding, and memory;

11. The witness's appearance, behavior, and manner while testifying;

12. Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

13. Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

14. Whether the witness said or wrote anything before trial that was different from the witness's testimony in court;

15. Whether the witness's testimony was consistent or inconsistent with other evidence that you believe; and

16. Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness's testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness's testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness's bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness's testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

Authority:

Model Crim. Jury Instr. 3d Cir. § 3.04 (2021)

**Proposed Sentence Selection Phase Instruction 10 (Government)**

## <u>GENERAL RULE: JURY NOT TO CONSIDER DEFENDANT'S DECISION NOT TO TESTIFY [if applicable]</u>

Robert Bowers did not testify in this case.  Robert Bowers has an absolute constitutional right not to testify.  The burden of proof remains with the prosecution throughout the entire trial and never shifts to Robert Bowers.  Robert Bowers is never required to prove that he is innocent.  You must not attach any significance to the fact that Robert Bowers did not testify.  You must not draw any adverse inference against him that he did not take the witness stand.  Do not consider, for any reason at all, the fact that Robert Bowers did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

Authority:

Model Crim. Jury Instr. 3d Cir. § 4.27 (2021)

**Proposed Sentence Selection Phase Instruction 11 (Government)**

**GENERAL RULE: STATEMENTS OF DEFENDANT**

The Government introduced evidence that Robert Bowers made statements to law enforcement officials.  You must decide whether Robert Bowers did in fact make the statements. If you find that he did make the statements, then you must decide what weight, if any, you feel the statements deserve.  In making this decision, you should consider all matters in evidence having to do with the statements, including those concerning Robert Bowers and the circumstances under which the statements were made.

Authority:

Model Crim. Jury Instr. 3d Cir. § 4.32 (2021)

**Proposed Sentence Selection Phase Instruction 12 (Government)**

## <u>GENERAL RULE: LAW ENFORCEMENT WITNESSES</u>

You have heard the testimony of law enforcement officers.  The fact that a witness is employed as a law enforcement officer does not mean that their testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.  You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

Authority:

Model Crim. Jury Instr. 3d Cir. § 4.18 (2021)

**Proposed Sentence Selection Phase Instruction 13 (Government)**

## GENERAL RULE: EXPERT WITNESSES

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from [names of testifying experts]. Because of their knowledge, skill, experience, training, or education in the field of [state the witness(es)'s field], they were permitted to offer opinions in that field and the reasons for those opinions.

The opinions these witnesses state should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard an opinion entirely if you decide that the witness's opinion is not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinion if you conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinion is not supported by the facts shown by the evidence, or if you think that the opinion is outweighed by other evidence.

Authority:

Model Crim. Jury Instr. 3d Cir. § 4.08 (2021)

**Proposed Sentence Selection Phase Instruction 14 (Government)**

## SEPARATE CONSIDERATION OF EACH COUNT

The Superseding Indictment in this case charges 22 offenses that carry the death penalty as a possible punishment, Counts 1 through 11 and 23 through 33, and the Government has given notice of its intent to seek the death penalty based on each of those counts.  Each capital count charges a separate crime.  You must consider each count and the evidence relating to it separate and apart from every other count.  That is, you must decide separately what the evidence in the case shows about Robert Bowers and the appropriate sentence as to each count.  Your verdict on any count should not control your verdict on any other count.

Authority:

Transcript, Jury Instructions in United States v. Roof, 2:15-cr-00472-RMG (D.S.C. Jan. 10, 2017) (attached as Exhibit A)

**Proposed Sentence Selection Phase Instruction 15 (Government)**

## <u>INTRODUCTION TO SPECIFIC FINDINGS</u>

I will now provide you with additional instructions on the non-statutory aggravating factors and mitigating factors that are being presented to you in this case.  I again stress the importance of your giving careful and thorough consideration to all evidence before you.  I also remind you of your obligation to follow the applicable law.

Authority:

Transcript, Jury Instructions in <u>United States v. Roof</u>, 2:15-cr-00472-RMG (D.S.C. Jan. 10, 2017) (attached as Exhibit A)

**Proposed Sentence Selection Phase Instruction 16 (Government)**

## NON-STATUTORY AGGRAVATING FACTORS (SECTION II OF SENTENCE SELECTION SPECIAL VERDICT FORM)

You must consider whether the Government has proved the existence of any non-statutory aggravating factors.  You must unanimously agree that the Government has proved beyond a reasonable doubt the existence of any of the alleged non-statutory aggravating factors and that those factors tend to support imposition of the death penalty before you may consider such factors in your deliberations on the appropriate punishment for Robert Bowers in this case.

In addition to any statutory aggravating factors you have found, you are permitted to consider and discuss only the non-statutory aggravating factors specifically alleged by the Government and listed below.  You must not consider any other facts in aggravation which you think of on your own.

The non-statutory aggravating factors that the Government has alleged for each of Counts 1 through 11 and 23 through 33 are:

- **Victim Impact**:  Robert Bowers caused injury, harm and loss to the victims named in each capital count (Counts 1 through 11 and 23 through 33), as well as to the family, friends, and co-workers of those victims.  The injury, harm, and loss caused by Robert Bowers with respect to each deceased victim is evidenced by the victim's personal characteristics and by the impact of the victim's death upon his or her family, friends, and co-workers;

- **Killings Motivated by Religious Animus**:  Robert Bowers expressed hatred and contempt toward members of the Jewish faith and his animus toward members of the Jewish faith played a role in the killings of the victims named in each count (Counts 1 through 11 and 23 through 33);

70

- **Selection of Site**:  Robert Bowers targeted men and women participating in Jewish religious worship at the Tree of Life Synagogue, located in the Squirrel Hill neighborhood of Pittsburgh, Pennsylvania, which is home to one of the largest and oldest urban Jewish populations in the United States, in order to maximize the devastation, amplify the harm of the charged offenses, and instill fear within the local, national, and international Jewish communities;

- **Injury to Surviving Victims**: Robert Bowers caused serious physical and emotional injury, including maiming, disfigurement, permanent disability, severe psychological impacts, and grievous economic hardship to individuals who survived the offense, to include (1) physically injured civilian survivors, Daniel Leger and Andrea Wedner.; 2) otherwise injured civilian survivors, Carol Black, Doris Dyen,, Joseph Charney, Louis Fienberg, Audrey Glickman, Martin Gaynor, Jeffrey Myers, Jonathan Perlman, Deane Root, August Siriano, Judah Samet, Stephen Weiss, and Barry Werber; 3) physically injured law enforcement survivors, Anthony Burke, Timothy Matson, Daniel Mead, John Persin, and Michael Smidga; and 4) otherwise injured law enforcement survivors, John Craig, Jeffrey Garris, Jeremy Hurley, Andrew Miller, Joshua Robey, Michael Saldutte, and Clint Thimons.

- **Lack of Remorse**:  Through his statements and actions during the course of and following the commission of the charged offenses, Robert Bowers demonstrated a lack of remorse for committing those crimes.  As to this last alleged non-statutory aggravating factor, in determining whether the Government has proven that Robert Bowers demonstrated a lack of remorse, you may not consider the fact that Robert Bowers has not testified here in court.  I remind you that Robert Bowers has a

constitutional right not to testify both at the first phase of the trial and in this sentencing phase.

At this point you must record your findings regarding whether you unanimously find that the Government has proven beyond a reasonable doubt the existence of any of these non-statutory aggravating factors.  Please enter that finding on pages 3-5 of Section II of the Special Verdict Form, and continue your deliberations.

Authority:

Model Crim. Jury Instr. 8th Cir. § 12.08 (2021)

**Proposed Sentence Selection Phase Instruction 17 (Government)**

## CONCLUDING REMARKS ON NON-STATUTORY AGGRAVATING FACTORS

For each alleged non-statutory aggravating factor, if you find the aggravating factor unanimously and beyond a reasonable doubt as to all counts, you are to indicate that finding on the appropriate line in Section II of the Special Verdict Form.  If you unanimously find that the Government did not prove that aggravator for any capital count, then you are to indicate that finding on the appropriate line in Section II.  In the event that you unanimously find beyond a reasonable doubt that the Government did prove that aggravator as to some of the counts but not others, you're to indicate that finding on the appropriate line in Section II of the Special Verdict Form and also identify on the line provided, by count number, those specific counts as to which you found that aggravating factor.

Unlike the rules related to age, gateway factors, and statutory aggravating factors, you are not required to find non-statutory aggravating factors with respect to a particular count before you may consider the death penalty as a possible sentence for that count.

After you have completed your findings regarding the existence of non-statutory aggravating factors in Section II, you should proceed to Section III of the Special Verdict Form.

Authority:

Transcript, Jury Instructions in United States v. Tsarnaev, 2:13-4 cr-10200-GAO (D. Mass. May 13, 2015) (attached as Exhibit B)

**Proposed Sentence Selection Phase Instruction 18 (Government)**

## <u>MITIGATING FACTORS (SECTION III OF SENTENCE SELECTION SPECIAL VERDICT FORM)</u>

Before you may consider the appropriate punishment, you must consider whether Robert Bowers has established the existence of any mitigating factors.  A mitigating factor is a fact about Robert Bowers's life or character, or about the circumstances surrounding the offenses that would suggest, in fairness, that a sentence of death is not the most appropriate punishment, or that a lesser sentence is the more appropriate punishment.

Unlike aggravating factors, which you must unanimously find proved beyond a reasonable doubt in order to consider them in your deliberations, the law does not require unanimous agreement with regard to mitigating factors.  Any juror persuaded of the existence of a mitigating factor must consider it in this case.  Further, any juror may consider a mitigating factor found by another juror, even if he or she did not find that factor to be mitigating.

It is Robert Bowers's burden to establish any mitigating factors, but only by a preponderance of the evidence.  As I have instructed you previously, this is a lesser standard of proof under the law than proof beyond a reasonable doubt.  A factor is established by the preponderance of the evidence if its existence is shown to be more likely so than not so.  In other words, the preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, produces in your mind the belief that what is sought to be established is, more likely than not, true.  In Part III of the Special Verdict Form relating to mitigating factors, you are asked to report the total number of jurors that find each mitigating factor established by a preponderance of the evidence.

Authority:

Model Crim. Jury Instr. 8th Cir. § 12.09 (2021)

**Proposed Sentence Selection Phase Instruction 19 (Government)**

## <u>MITIGATING FACTORS TO CONSIDER</u>

Robert Bowers has proposed the following mitigating factors for your consideration in this case:

[LIST HERE]

To find a mitigating factor, you must find Robert Bowers established it by a preponderance of the evidence and that it is, in fact, mitigating.  However, the existence of a mitigating factor is a distinct consideration from what weight, if any, should ultimately be given to that factor in your deliberations.  Section III only asks you to report the total number of jurors that find the existence of a particular mitigating factor to be established.

Authority:

Model Crim. Jury Instr. 8th Cir. §12.10 & committee comments

**Proposed Sentence Selection Phase Instruction 20 (Government)**

**ADDITIONAL MITIGATING FACTORS**

You are also permitted to consider anything else about the commission of the crime or about Robert Bowers'ss background or character that would mitigate the imposition of the death penalty.  That is, if there are any such mitigating factors, whether or not specifically identified by the defense, but which are established by a preponderance of the evidence, you are free to consider them in your deliberations.  There is space on the Special Verdict Form in Section III for you to fill in any such additional mitigating factors.  However, if you find any such mitigating factors, but are simply not able to articulate it with any specificity, you may still give that factor your full consideration without noting it on the Special Verdict Form.

In short, your discretion in deciding mitigator factors is different than your discretion to consider aggravating factors.  This was a choice expressly made by Congress in enacting the capital punishment statute.  The mitigating factors do not have to provide an excuse for the crime in order for you to consider them.  They do not have to explain why Robert Bowers committed the crime, and they do not have to show that the crime was any less serious.

Authority:

Model Crim. Jury Instr. 8th Cir. §12.10

**Proposed Sentence Selection Phase Instruction 21 (Government)**

## <u>WEIGHING AGGRAVATION AND MITIGATION</u>

For each count for which you have unanimously found that the Government proved beyond a reasonable doubt:

1.   the age requirement;

2.   the existence of at least one gateway intent factor; and

3.   the existence of at least 1 statutory aggravating factor,

You must engage in a weighing process for Counts _____.

In determining the appropriate sentence, you shall consider whether the statutory and non-statutory aggravating factor or factors found to exist as to each count sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient to justify a sentence of death.

You must weigh the statutory and non-statutory aggravating factors that you unanimously find to exist against any mitigating factors that you individually, or with others, find to exist.  You must conduct this weighing process separately with respect to each of the capital counts for which you have found Robert Bowers was at least 18 years old and for which you have found at least 1 gateway intent factor and at least 1 statutory aggravating factor.

In engaging in the weighing process, you must avoid any influence of passion, prejudice, or undue sympathy.  Your deliberations should be based upon the evidence you have seen and heard and the law on which I have instructed you.

The process of weighing aggravating and mitigating factors against each other or weighing aggravating factors alone, if there are not mitigating factors, in order to determine the proper punishment is not a mechanical process.  In other words, you should not simply count the number of aggravating and mitigating factors and reach a decision based on which number is greater.  You should instead consider the weight and value of each factor to make a unique, individualized, and reasoned moral judgment about the appropriateness of the death penalty as a punishment for each capital offense.  Whatever findings you make with respect to aggravating and mitigating factors, the result of the weighing process is never foreordained. For that reason a jury is never required at the outset of its deliberations to impose a sentence of death.

The law contemplates that different factors may be given different weights or values by different jurors.  Thus, you may find that one mitigating factor outweighs all aggravating factors combined, or that the aggravating factors proven do not, standing alone, justify imposition of a sentence of death.  On the other hand, you may find that a single aggravating factor sufficiently outweighs all mitigating factors combined to justify a sentence of death.  Each juror must decide what weight or value is to be given to a particular aggravating or mitigating factor in the decision-making process.  In other words, it is not an arithmetic analysis but a qualitative weighing

Again, whether or not the circumstances in this case justify a sentence of death is a decision that the law leaves entirely to you.

Authority:

Model Crim. Jury Instr. 8th Cir. §12.11 (2021)

Transcript, Jury Instructions in United States v. Roof, 2:15-cr-00472-RMG (D.S.C. Jan. 10, 2017) (attached as Exhibit A)

18 U.S.C. § 3593(e) ("the jury, or if there is no jury, the court, shall consider whether all the aggravating factor or factors found to exist sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the

aggravating factor or factors alone are sufficient to justify a sentence of death. Based upon this consideration, the jury by unanimous vote, or if there is no jury, the court, shall recommend whether the defendant should be sentenced to death, to life imprisonment without possibility of release or some other lesser sentence")

**Proposed Sentence Selection Phase Instruction 22 (Government)**

**<u>DETERMINATION OF SENTENCE (SECTION IV OF SPECIAL VERDICT FORM)</u>**

**<u>SENTENCE OF DEATH</u>**

If you unanimously determine as to Counts [list counts] that the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist to justify a sentence of death, or in the absence of any mitigating factors, that the aggravating factor or factors alone are sufficient to justify a sentence of death, you shall so specify in the appropriate space in Section IV.A of the Special Verdict Form.

**SENTENCE OF LIFE IN PRISON WITHOUT POSSIBILITY OF RELEASE**

If you unanimously determine as to Counts [list counts] that – because the aggravating factor or factors found to exist do not sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death, or in the absence of any mitigating factors, the aggravating factor or factors alone are not sufficient to justify a sentence of death, a sentence of life imprisonment without the possibility of release is appropriate, you shall so specify in the appropriate space in Section IV.B of the Special Verdict Form.

## MIXED SENTENCE DETERMINATION

If you unanimously determine that the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist to justify a sentence of death for some, but not all, of the capital counts, you shall so specify in the appropriate space in Section IV.C of the Special Verdict Form, indicating which sentence you determine is appropriate as to which counts.

**Proposed Sentence Selection Phase Instruction 23 (Government)**

**<u>DUTY TO DELIBERATE AND CONSEQUENCES OF DELIBERATIONS</u>**

When you retire to the jury room, you should discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.  Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:

Transcript, Jury Instructions in <u>United States v. Roof</u>, 2:15-cr-00472-RMG (D.S.C. Jan. 10, 2017) (attached as Exhibit A)

**Proposed Sentence Selection Phase Instruction 24 (Government)**

## <u>JUSTICE WITHOUT DISCRIMINATION</u>

In your consideration of whether the death sentence is justified, you must not consider the race, color, religious beliefs, national origin, or sex of either Robert Bowers or the victims.  You are not to return a sentence of death unless you would return a sentence of death for the crime in question without regard to the race, color, religious beliefs, national origin, or sex of either Robert Bowers or any victim.

To emphasize the importance of this consideration, Section V of the Special Verdict Form contains a certification statement.  Each juror should carefully read the statement, and sign in the appropriate place if the statement accurately reflects the manner in which each of you reached your decision.

Authority:

Model Crim. Jury Instr. 8th Cir. § 12.13 (2021)

18 U.S.C. § 3593(f) ("In a hearing held before a jury, the court, prior to the return of a finding under subsection (e), shall instruct the jury that, in considering whether a sentence of death is justified, it shall not consider the race, color, religious beliefs, national origin, or sex of the defendant or of any victim and that the jury is not to recommend a sentence of death unless it has concluded that it would recommend a sentence of death for the crime in question no matter what the race, color, religious beliefs, national origin, or sex of the defendant or of any victim may be. The jury, upon return of a finding under subsection (e), shall also return to the court a certificate, signed by each juror, that consideration of the race, color, religious beliefs, national origin, or sex of the defendant or any victim was not involved in reaching his or her individual decision and that the individual juror would have made the same recommendation regarding a sentence for the crime in question no matter what the race, color, religious beliefs, national origin, or sex of the defendant or any victim may be.")

**Proposed Sentence Selection Phase Instruction 25 (Government)**

**<u>SENTENCE SELECTION SPECIAL VERDICT FORM</u>**

I have mentioned several times the form entitled "Sentence Selection Special Verdict Form," which will assist you during your deliberations. You are required to record your decisions on this form. The Special Verdict Form provides space for you to indicate your decisions as to each capital count charged in the Superseding Indictment (Counts 1 through 11 and 23 through 33) for which you determined Robert Bowers to be eligible for a death sentence. Although most of the aggravating and mitigating factors alleged in this case may apply to all the capital counts, you must still consider each count separately and record your findings for each count in the appropriate spaces on the Special Verdict Form. The process by which you must reach your decision requires that you make and record certain findings in a specific order. Section I lists the counts you must consider and the statutory aggravating factors you previously determined applied to those counts. Section II is where you will record your findings on non-statutory aggravating factors; Section III is where you will record your findings on mitigating factors; Section IV is where you will record your sentence determinations; and Section V contains the non-discrimination certification each juror must read and sign. You are each required to sign the Special Verdict Form.

Authority:

Model Crim. Jury Instr. 8th Cir. § 12.20 (2021)

**Proposed Sentence Selection Phase Instruction 26 (Government)**

## <u>CONCLUDING INSTRUCTION</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court's security officer signed by the foreperson or by 1 or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will communicate -- and I will communicate with any member of the jury or anything concerning the case only in writing or orally here in open court.

Remember that you are not to tell anyone, including me, how the jury stands numerically or otherwise until after you have reached a unanimous verdict or have been discharged.

Authority:

Transcript, Jury Instructions in <u>United States v. Roof</u>, 2:15-cr-00472-RMG (D.S.C. Jan. 10, 2017) (attached as Exhibit A)