IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 18-292 |
| ROBERT BOWERS | |

**UNITED STATES' OPPOSITION TO MOTION TO COMPEL
GOVERNMENT TO SUPPLEMENT ITS WITENSS LIST
WITH MENTAL HEALTH WITNESSES (Doc. No. 1003)**

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, Soo C. Song, Eric G. Olshan, and Nicole Vasquez Schmitt, Assistant United States Attorneys for said district, Mary J. Hahn, Trial Attorney, Civil Rights Division, and Barry K. Disney, Trial Attorney, Capital Case Section, and respectfully files this Opposition to the defendant's Motion to Compel the Government to Supplement Its Witness List with Mental Health Witnesses (Doc. No. 1003).

Today, in response to a motion to compel filed by the United States, the Court ordered the defendant to immediately supplement his witness list with the names of his mental health experts. Doc. No. 998.  The defendant complied with that order today, and then filed his own motion asking the Court to order the United States to do the same.  Doc. No. 1003.  As this Court is aware, the defendant filed a Rule 12.2 Notice to "introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on the issue of punishment" on February 23, 2023, just one week ago—and just one day before the United States' witness list was due.  Doc. No. 972.  When the United States provided its witness list, it identified its anticipated lead <u>rebuttal</u> mental health expert.  The defendant acknowledges this in his motion to compel but

1

argues that the government's proposed procedures for examining the defendant (Doc. No 1001) reference several potential experts, including a psychiatrist, neuropsychologist, and neurologist.

The defendant now requests the names of all of the government's "potential" experts. But neither the federal rules nor this Court's orders require disclosure of "potential" experts.[1] Indeed, the government's rebuttal mental health evidence is far from finalized, and the United States expressly stated in its motion to examine the defendant that the purpose of the motion was to "permit the government to develop appropriate rebuttal evidence." Doc. No. 1001. In addition to a psychiatrist, neuropsychologist, and a neurologist, the government noted that it may require "additional evaluations by experts in other specialties." Id. At this stage, the United States has not determined the full scope of its anticipated rebuttal case during the penalty phase, nor can it until it has sufficient information as to the defense's case in mitigation. The United States did, in an effort to assist the defense in its case preparation, offer the name of an expert who it expects to testify as a rebuttal mental health expert, if necessary.[2] Any further disclosure by the United States is speculative and premature, particularly given the fact that the defendant's Rule 12.2 Notice was so recently received. Doc. No. 972.

In contrast, the supplement to the defendant's Rule 12.2 Notice identified various mental health professionals who the defendant has asserted will testify during the penalty phase—which

---

[1] It is a common practice that parties may choose to use certain experts as consulting, rather than testifying, experts. The government notes, for example, that the defendant did not name certain defense experts—such as his DNA expert or the firearms identification expert who performed his examination of such evidence—in the defendant's witness disclosures.

[2] Notably, the government's proposed examination procedure makes it clear that the government's experts plan to examine the defendant to determine if they agree or disagree with the defense experts. They may agree and if so, the government will not have anything to rebut. The government simply does not know until it completes its examinations.

is why such individuals should be included in Attachment A to the juror questionnaire, as the Court has now ordered.[3]

Courts have held that the "government ordinarily need not disclose the names of rebuttal witnesses." United States v. Nation, 543 F. App'x 677, 679 (9th Cir. 2013) (discussing the former Federal Rule of Criminal Procedure 16(a)(1)(G)).  This rule of law makes particular sense where, as here, the government is still formulating its anticipated rebuttal mental health witnesses.

The Court should deny the defendant's motion to compel.

> Respectfully submitted,
>
> Troy Rivetti
> TROY RIVETTI
> Acting U.S. Attorney
> PA ID No. 56816
>
> s/Soo C. Song
> SOO C. SONG
> Assistant U.S. Attorney
> DC ID No. 457268
>
> s/Eric G. Olshan
> ERIC G. OLSHAN
> Assistant U.S. Attorney
> IL ID No. 6290382
>
> s/Nicole Vasquez Schmitt
> NICOLE VASQUEZ SCHMITT
> Assistant U.S. Attorney
> PA ID No. 320316

---

[3] The defendant has had the entire pendency of this litigation—which has lasted for well over four years—to develop its mitigation defense.  Thus, it is unsurprising that the defendant would be able to identify the experts he actually intends to call at trial, whereas the prosecution team—which has had the defendant's 12.2 Notice for just one week and the names of the defendant's 12.2 testifying experts for less than 24 hours—is still evaluating which experts it may choose to present as testifying experts.

s/Mary J. Hahn
MARY J. HAHN
Trial Attorney
Civil Rights Division
DC ID No. 500193

s/ Barry K. Disney
BARRY K. DISNEY
Trial Attorney
Capital Case Section
KS ID No. 13284
