IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 18-292 |
| | ) |
| ROBERT BOWERS | ) |

**DEFENDANT'S REQUESTS FOR MODIFICATION OF PROPOSED INSTRUCTIONS**

At the status conference on April 20, 2023, the Court granted Mr. Bowers' request that he be allowed to submit his proposed requests for modification to the proposed jury instructions in writing. The defense's requests for modification are as follows:

**PRE-VOIR DIRE INSTRUCTION**

On page 7, the defense proposes the following modification:

There will be a few people in the room in addition to the lawyers, their staff, and my staff, and the proceedings are being simultaneously transmitted by video and audio to overflow courtrooms. Individuals viewing these proceedings include members of the public and members of the media. We will not identify you by name, but rather by your juror number, and you will enter the Courtroom and be seated in a manner so that the video camera will

1

be behind you and will not display your face, unless, of course, you turn around to look at the camera. These are public proceedings and y ~~Y~~our oral answers will generally be public because they are being transcribed by our court reporter and also transmitted to the other courtrooms. If you believe that a question requires you to reveal particularly sensitive personal information ~~in order to be fully truthful~~, ~~you may tell us that, and we will then consider whether it is appropriate for us to temporarily stop the audio and video transmission to other courtrooms and temporarily clear thi~~s ~~courtroom~~ please let us know and we will do our best to accommodate you. I will stop the audio and video transmission to other courtrooms and temporarily clear this courtroom. Although all of these proceedings – including your responses – must be transcribed, I will seal these portions of the transcripts from public access. The law recognizes that your right to privacy must be respected at all times. In the event that these portions of the transcripts ever do become public, your privacy will be protected because you will only be identified by your juror number.

~~I do want to note, however, that the voir dire process is generally an open and public proceeding, and, generally speaking, much of what you answer here today must be public. Accordingly, all of our discussions will necessarily be transcribed and made a part of the court record, although that record may be placed under seal, and thereby kept more private. While your~~

~~answers may possibly be placed under seal for some period of time, I must inform you that a determination whether to unseal your answers will not be made today, and your answers may eventually be unsealed at a later date.~~

  I inform you of this so that you understand the nature of these proceedings. Nonetheless, I stress again that the integrity of this process depends on your candor and your truthfulness.

  I want to thank you again for your taking part in this important process, and for returning to the Courthouse today.

**Authority**: *Press-Enter. Co. v. Superior Ct. of California, Riverside Cnty.*, 464 U.S. 501, 512, 104 S. Ct. 819, 825, 78 L. Ed. 2d 629 (1984)("To preserve fairness and at the same time protect legitimate privacy, a trial judge … should inform the array of prospective jurors, once the general nature of sensitive questions is made known to them, that those individuals believing public questioning will prove damaging because of embarrassment, may properly request an opportunity to present the problem to the judge *in camera* but with counsel present and on the record. By requiring the prospective juror to make an affirmative request, the trial judge can ensure that there is in fact a valid basis for a belief that disclosure infringes a significant interest in privacy. This process will minimize the risk of unnecessary closure. The exercise of sound discretion by the court may lead

to excusing such a person from jury service. When limited closure is ordered, the constitutional values sought to be protected by holding open proceedings may be satisfied later by making a transcript of the closed proceedings available within a reasonable time, if the judge determines that disclosure can be accomplished while safeguarding the juror's valid privacy interests. Even then a valid privacy right may rise to a level that part of the transcript should be sealed, or the name of a juror withheld, to protect the person from embarrassment."); *Jaynes v. Mitchell*, 824 F.3d 187, 194 (1st Cir. 2016) (upholding a limited closure of the courtroom to protect jury privacy rights where the trial judge, without making detailed factual findings, simply "informed the venire that she would be asking [personal] questions and that, if any such question raised a legitimate privacy concern, the courtroom could be closed for that enquiry and response…. Here, the trial judge noted in advance the subjects of questions that could fairly prompt privacy concerns and raise the risk of dishonest answers, and she closed the courtroom on request only when a question on one of those limited topics was about to be addressed and the individual questioned sought privacy. In practical terms, requiring more could potentially have forced a public disclosure to the effect that the objecting person had been sexually abused, or was secretly a bigot, which would have defeated the whole purpose of a limited, justifiable closure.

4

Jaynes has cited no federal law at odds with the state courts' common sense in dealing with the subject.")

**ELIGIBILITY PHASE JURY INSTRUCTIONS**

On page 2, first paragraph, modify the sentence to read:

> You must now decide whether Robert Bowers is eligible for ~~the death penalty~~ <u>jury sentencing.</u>

**Authority**: Pre-Voir Dire Instructions, p. 3 ("…the jury determines whether Mr. Bowers is eligible for the jury to determine his sentence,"); Sentence Selection Phase Jury Instructions, p. 10 ("The ultimate question before you is whether Mr. Bowers should be sentenced to life imprisonment without the possibility of release or should be sentenced to death for the capital offenses for which you have found him guilty and eligible for jury sentencing.)

On page 2, second paragraph, modify the sentence as follows:

> To find Mr. Bowers eligible for ~~a death sentence~~ <u>jury sentencing</u> on any count, you must find…
>
> Second: that Mr. Bowers acted with a level of intent sufficient to allow consideration of <u>a sentence of life in prison without the possibility of release or</u> the death penalty, which may be different than the intent required to convict Mr. Bowers of the offenses.

5

**Authority**: Pre-Voir Dire Instructions, p. 3 ("…the jury determines whether Mr. Bowers is eligible for the jury to determine his sentence,…[T]he jurors will individually determine whether to sentence Mr. Bowers to life in prison without the possibility of release or to sentence Mr. Bowers to death."); Sentence Selection Phase Jury Instructions, p. 10 ("The ultimate question before you is whether Mr. Bowers should be sentenced to life imprisonment without the possibility of release or should be sentenced to death for the capital offenses for which you have found him guilty and eligible for jury sentencing.)

On page 4, first paragraph, modify the sentence as follows:

> Accordingly, before you may consider whether ~~the death penalty is an appropriate sentence for any count~~<ins>Mr. Bowers is eligible for jury sentencing</ins>,…

**Authority**: See above.

On page 4, last paragraph, modify the sentence to read:

> In making your findings on the question of intent, you may not rely ~~solely~~ on your verdict finding Mr. Bowers guilty of the offenses, but rather must each decide whether the Government has proven beyond a reasonable doubt the level of intent required to make Mr. Bowers eligible for consideration of <ins>a sentence of life in prison without the possibility of release</ins>

or the death penalty, which may be different than the intent required to convict Mr. Bowers of the offenses.

**Authority**: Eligibility Phase Jury Instructions, p. 2 ("…a level of intent sufficient to allow consideration of the death penalty, which may be different than the intent required to convict Mr. Bowers of the offenses."); Eligibility Phase Jury Instructions, p. 8, 14 ("…you may not simply rely on your finding of guilt as to any one or more of the capital counts or the factual determinations you made in finding Mr. Bowers guilty. That is, you must deliberate anew and reach a judgment based on all of the evidence presented, whether that evidence has already been presented, or whether it is evidence you are about to hear."); *United States v. McCluskey*, 2013 WL 12328813 * 2 (D. N.M. Nov. 5, 2013)(" The Government complains that the jury may not revisit this issue after the trial phase, having already found that McCluskey intended to kill the Haases, and did so with premeditation. And yet, that is exactly what the Federal Death Penalty Act prescribes, as it requires the jury to find that a defendant possessed a death-eligible mental state once in the trial phase, and again in the eligibility phase. *See* Tenth Cir. Pattern Jury Instruction 3.02 (instructing jury at the start of the penalty phase that in order to find a defendant statutorily eligible for a sentence of death, it must first find that 'the defendant acted with a level of intent sufficient to allow

consideration of the death penalty, **which may be different** than the intent required to convict the defendant of the offenses.'")(emphasis in original). On page 5, second paragraph, modify the sentence to read:

These factors concern the circumstances of the crime, <u>the prior criminal record of the defendant, if any,</u> ~~or the personal traits, character, or background of Robert Bowers~~ and the effect of the offense on the victims and/or the victims' families.

**Authority**: *Zant v. Stephens*, 462 U.S. 862, 885 (1983)(a state may not "attac[h] the 'aggravating' label to factors that are constitutionally impermissible or totally irrelevant to the sentencing process, such as for example the race, religion, or political affiliation of the defendant, or to conduct that actually should militate in favor of a lesser penalty, such as perhaps the defendant's mental illness."); *Lockett v. Ohio*, 438 U.S. 586, 604 (a sentencing jury may "not be precluded from considering *as a mitigating factor* any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death.")(emphasis added); *People v. Boyd*, 38 Cal 3d 762, 774 ("Evidence of defendant's background, character, or conduct which is not probative of any specific listed factor would have no tendency to prove or disprove a fact of consequence to the determination of the action, and is therefore irrelevant to aggravation."(citing *Lockett*.)

On page 10, second paragraph, modify the sentence to read:

    It is now my duty to instruct you on the rules of law that you must follow and apply in determining whether Robert Bowers is eligible for a <ins>sentence of life in prison without the possibility of release or a</ins> death sentence.

**Authority**: See above.

On page 10, fifth paragraph, modify the sentence to read:

    Second, you will consider, as appropriate, whether the Government has proven beyond a reasonable doubt and to your unanimous satisfaction one or more threshold intent factors as to each of the capital offenses for which you have found Mr. Bowers was at least 18 years old at the time of the capital offense<ins>, which may be different than the intent required to convict Mr. Bowers of the offenses.</ins>

**Authority**: See above.

On page 31, first paragraph, modify the sentence to read:

    For Robert Bowers to be eligible for <ins>jury sentencing</ins> ~~the death penalty~~ on any count…

**Authority**: See above.

On page 32, second full paragraph, modify the sentence to read:

You may not rely ~~solely~~ upon your Guilt Phase verdict of guilt or the factual determinations you made in finding Mr. Bowers guilty of the offenses. Instead, you must now each decide <u>anew</u> whether the Government has proven beyond a reasonable doubt the existence of one of the threshold intent factors alleged<u>, which may be different than the intent required to convict Mr. Bowers of the offenses.</u>

**Authority**: See above.

### SENTENCE SELECTION PHASE JURY IN STRUCTIONS

On page 2, first paragraph, modify the sentence to read:

As such, you have determined that Mr. Bowers is eligible for <u>jury sentencing</u> ~~a death sentence~~ on each of those counts.

**Authority**: See above.

On page 2, third paragraph, modify the sentence to read:

The law provides you with guidance in making the decision, but your decision on this question of life <u>imprisonment without the possibility of release or</u> death is a uniquely individual judgment, which the law leaves up to each of you.

**Authority**: See above.

On page 3, modify the last paragraph to read:

In this phase, you will consider whether you unanimously find that the Government has proven beyond a reasonable doubt the existence of any "non-statutory aggravating factors," which are those factors not specifically set out in the death penalty statute, but which have been specifically identified by the Government for consideration in this case. However, the existence of a statutory or a non-statutory aggravating factor is a distinct consideration from what weight, if any, should ultimately be given to that factor in your deliberations.

**Authority**: Sentence Selection Phase Jury Instructions, p. 42 ("However, the existence of a mitigating factor is a distinct consideration from what weight, if any, should ultimately be given to that factor in your deliberations.")

On page 6, second full paragraph, modify the paragraph to read:

However, I instruct you now that you must not simply count the number of aggravating and mitigating factors and reach a decision based on which number is greater; on the contrary, you must consider the weight and value of each factor. Also, each juror, in addition to not excluding from consideration any relevant mitigating evidence, must also weigh all of the mitigating circumstances together.

**Authority**: *Smith v. McCormick*, 914 F. 2d 1153, 1168 (9th Cir. 1990) ("[I]t is clear from *Pennsylvania v. Ashe* [302 U. S. 51 (1937)], *Woodson [v. North*

11

*Carolina* 428 U.S. 280], and their progeny, that a sentencer, in addition to not excluding from consideration any relevant mitigating evidence, must also weigh all of the mitigating circumstances 'together'").

On page 11, last full paragraph, modify the sentence to read:

your decision on this question of life <u>imprisonment without the possibility of release</u> or death is a uniquely individual moral judgment that the law, in the final analysis, leaves up to each of you.

**Authority**: See above.

On page 16-17, last paragraph, modify the paragraph to read:

Any one of you may find the existence of a mitigating factor or factors, regardless of the number of other jurors who may agree, and anyone who so finds may consider and weigh that mitigating factor or factors in determining the appropriate sentence in this case. <u>Any juror may also weigh a mitigating factor found by another juror, if ultimately convinced that it is a mitigating factor, even if he or she did not also previously find that factor to be mitigating.</u>

**Authority**: Sentence Selection Phase Jury Instructions, p. 6, 40 ("Any juror may also weigh a mitigating factor found by another juror, if ultimately convinced that it is a mitigating factor, even if he or she did not also previously find that factor to be mitigating.")

On page 35, second paragraph, modify the paragraph to read:

In addition to any statutory aggravating factors you have previously found, you are permitted to consider and discuss only the non-statutory aggravating factors specifically alleged by the Government and listed below. You must not consider any other facts in aggravation which you may think of on your own. The existence of a statutory or non-statutory aggravating factor is a distinct consideration from what weight, if any, should ultimately be given to that factor in your deliberations.

**Authority**: See above.

On page 44, fourth paragraph, modify the paragraph to read:

In determining the appropriate sentence for any particular capital count you're considering, each of you must independently weigh the aggravating factor or factors that you unanimously found to exist with regard to that count, whether those aggravating factors are statutory or non-statutory; and each of you must weigh any mitigating factors that you individually or with others have found to exist. Each juror, in addition to not excluding from consideration any relevant mitigating evidence, must also weigh all of the mitigating circumstances together.

**Authority**: See above.

## CONCLUSION

For all of the foregoing reasons, the Court is respectfully requested to modify the Court's proposed instructions as indicated above.

                            Respectfully submitted,

                            ***/s/ Judy Clarke***
                            Judy Clarke
                            Clarke Johnston Thorp & Rice, PC

                            /s/ Michael Burt
                            Law Office of Michael Burt, PC

                            ***/s/ Michael J. Novara***
                            Michael J. Novara
                            First Assistant Federal Public Defender

                            ***/s/ Elisa A. Long***
                            Elisa A. Long
                            Supervisory Assistant Federal Public Defender