IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 18-292 |
| ) | |
| ROBERT BOWERS ) | |

**MOTION TO BAR PRESENTATION OF
CUMULATIVE EVIDENCE AT ELIGIBILITY PHASE**

Robert Bowers, through counsel, moves the Court, pursuant to the Fifth, Sixth, and Eighth Amendments to the U.S. Constitution, to bar the presentation of cumulative evidence at the eligibility phase. The Court should prohibit the government from re-introducing evidence already presented at the guilt phase to establish proof of the intent factors in 18 U.S.C. § 3591(a)(2).

Section 3593(c) operates to exclude evidence "if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 3593(c). Though the FDPA removes considerations of needless presentation of cumulative evidence from the calculus, as a "bedrock" principle, "the trial court, in a capital sentencing proceeding, remains free to consider cumulativeness in assessing evidentiary proffers." *United States v. Sampson*, 486 F.3d 13, 43 (1st Cir. 2007). The fact that evidence is cumulative, at a minimum, lessens its probative value. *See United States v. Con-Ui*, 2017 WL 783437, at *5 (M.D. Pa. 2017) ("A second showing of the video would greatly diminish its probative value."). Here, the government has presented in

1

stark and vivid form evidence in support of the most culpable intent standard, § 3591(a)(2)(A).

In previous filings, the government agreed that there would be no need to repeat evidence from the guilt phase to prove the intent factors and statutory aggravating factors relevant to the eligibility determination. In its efforts to prevent trifurcation of the proceedings and counter the defense argument that victim impact information will impermissibly affect the jury's consideration of the gateway and statutory aggravating factors in determining eligibility for the death penalty, the government urged:

> Concerns about the potential for spillover from victim impact information are substantially mitigated where, as here, evidence establishing the eligibility factors (as well as many of the non-statutory aggravators) will have been admitted at trial and considered by the jury in determining guilt of the charged offenses. . . . Although the United States will introduce additional evidence at sentencing as to the eligibility factors, a conviction for the charged offenses will leave little likelihood for a rejection of the intent factors (including allegations that the defendant intentionally killed each of the eleven deceased victims) and the statutory aggravating factors, as they allege that the defendant killed or attempted to kill multiple individuals; that he created a grave risk of death to others; that he substantially planned and premeditated that attack; and that he committed the offenses against victims who were vulnerable due to old age and infirmity. And although the government need not prove vulnerability during the guilt phase, evidence of the victims' ages and mental and physical limitations will support proof of causation. Likewise, while the charges do not require premeditation as an element, proof of the defendant's substantial preparations for the attack and anti-Semitic animus will still be relevant to establish his intent for the hate crime charges. Thus, before the penalty phase even begins, the jury will have heard and relied upon extensive evidence relevant to the eligibility factors. The defendant's conjecture that exposure to victim impact information would unfairly prompt the jury to find him eligible for the death penalty, when it otherwise would not, is not credible under such circumstances.

ECF 868 at 15–16. The government further stated: "During the guilt phase, the United States also expects to introduce evidence and testimony concerning, among other topics,

2

the sequence of events, the victims' causes of death, and the defendant's premeditation, planning, selection of the target location, and motive for the attack." *Id.* at 15 n.4.

The point of the government's argument, in support of its efforts to prevent trifurcation of the proceedings, was that the jury will hear only minimal additional evidence of the eligibility factors and certain aggravating factors because those factors will already have been sufficiently proven through the evidence presented at the guilt phase. "Needless repetition" at a capital sentencing proceeding of "testimony already presented" serves little probative purpose and only serves to "inflame the jury." *Le v. Mullin, 311 F.3d 1002*, 1016 (10th Cir. 2002). The Court should keep the government to its previous assertions and prohibit the government from needlessly duplicating evidence already presented at the guilt phase. The probative value of the additional presentation of this evidence is low, and any minimal probative value is outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael N. Burt*
Michael N. Burt
Law Offices of Michael Burt, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender

*/s/ Ashwin Cattamanchi*
Ashwin Cattamanchi
Assistant Federal Public Defender