IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ROBERT BOWERS

Criminal No. 18-292
**UNDER SEAL**

**UNITED STATES' MOTION TO EXCLUDE
THE EXPERT TESTIMONY OF DR. RICHARD ROGERS**

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, Troy Rivetti, Soo C. Song, and Nicole Vasquez Schmitt, Assistant United States Attorneys for said district, Mary J. Hahn, Trial Attorney, Civil Rights Division, and Barry K. Disney and Aaron J. Stewart, Trial Attorneys, Capital Case Section, and hereby moves to exclude the expert testimony of Dr. Richard Rogers.

Days before the opening of the eligibility phase in this case and months after the Court's deadline to identify mental health witnesses, the defendant disclosed Dr. Rogers as an expert witness. This is despite the fact that Dr. Rogers sent his expert report to defense counsel in <u>January 2023 and conducted his examinations in 2022</u>. The Court should impose a sanction for this late disclosure and exclude Dr. Rogers's testimony. The defendant had full knowledge of Dr. Rogers's testing and conclusions well before the Court's deadline to disclose witnesses and chose not to identify him as an expert. The defendant then waited over three months, until just days before the start of the eligibility phase, to identify this expert for the first time. Incredibly, while the defendant had full knowledge of the identify of this witness, the topics covered in his interviews with the defendant (including the attack at the Tree of Life Synagogue), and the personality testing he administered (including the Personality Assessment Inventory), counsel for the defense argued (and continues to argue) that the government's experts should be precluded from testifying about

the same topics and the same or similar testing results. The defendant should not be permitted to disclose an expert at such a late date and in flagrant disregard of the Court's order simply based on a last-minute shift in trial strategy.

## I.       BACKGROUND

On September 29-30 and December 3-4, 2022, Dr. Richard Rogers, a psychologist, conducted a forensic evaluation of the defendant. See Exhibit A (Rogers Report). Dr. Rogers administered, among other things, personality testing of the defendant, including the Personality Assessment Inventory (PAI). Id. Dr. Roger's report also indicates that he discussed as part of his evaluation and ultimate diagnosis many topics, including the defendant's views about Jews, the defendant's planning of the attack, and the defendant's detailed descriptions of the attack, thoughts during the attack, and continued statements supporting the attack. Id. at 4-7.[1] Dr. Rogers's final report is dated January 19, 2023. Id.

Over a month later, on February 23, 2023, in conjunction with its Rule 12.2(b)(2) notice, the defendant sent a letter to the United States describing his mental health mitigation case. See Exhibit B (Feb. 23, 2023, Letter). The letter disclosed that one psychologist would testify for the defendant, but noted that the psychologist "will not conduct any interviews of Mr. Bowers and will not administer any testing, including personality or psychological testing." Id. at 3.[2] The letter included a list of tests performed on the defendant by the disclosed expert witnesses, which did not include the PAI (even though that had been performed by Dr. Rogers). Id. at 4. On March 3, 2023, the Court ordered the defendant to disclose to the United States the names of his mental

---

[1]        Dr. Rogers's report contains many statements by the defendant that are consistent with the statements he made to the governments' expert and which he is currently seeking to exclude as improper rebuttal. Compare Ex. A with Doc. No. 1380. The Rogers report highlights very clearly why the Court should deny the defendant's motion to exclude and permit a fulsome rebuttal from the government's experts.

[2]        Based on the description in that letter (and the defense expert reports that the government has now received), the psychologist referred to in the February 2023 defense letter appears to be Dr. Katherine Porterfield.

2

health witnesses.  Doc. No. 998.  Pursuant to the Court's order, the defendant disclosed several names, but not Dr. Rogers.  See Exhibit C (Mar. 3, 2023, Letter).  On March 5, 2023, the defendant supplemented his list of mental health experts to include another expert, but not Dr. Rogers.  See Exhibit D (Mar. 5, 2023, Letter).  The defense never updated its witness list to include Dr. Rogers.

On May 10, 2023, the United States sent a letter to defense identifying the tests its experts intended to perform on the defendant, including the PAI.  See Exhibit E (May 10, 2023, Letter).  On May 11, 2023, the government sent another letter to the defense identifying the experts who would be examining the defendant, including Dr. Daniel Martell, a psychologist.  See Exhibit F (May 11, 2023, Letter).

Consistent with the Court's orders, the defendant provided his mental health expert reports to the United States on June 18, 2023.  There was no report from Dr. Rogers in that production (who, again, had not been identified as a witness, expert or otherwise).  On June 21, 2023, during a status conference with the Court, the defendant's counsel noted for the first time that they may call an additional expert that had never been disclosed.  See June 21, 2023, Tr. at 20-23.  Defense counsel represented that this undisclosed expert needed to review additional personality testing materials (which their requests made clear was related to the PAI performed by Dr. Martell), and that review would determine whether this new expert would be called to testify.  Specifically, counsel stated that the still undisclosed expert's "final conclusions await the receipt of the material we've requested."  Id. at 22 (emphasis added).  This was a misrepresentation, as Dr. Rogers's report was actually finalized in January 2023—over five months ago.

After the status conference, defense counsel requested that Dr. Martell email the PAI data to Dr. Rogers.  The government assumed Dr. Rogers was the unnamed and undisclosed expert, but the defense still had not identified him as an expert.  Dr. Martell sent the requested materials.

Also on June 21, 2023, the defendant moved to exclude certain portions of the government experts' testimony.   Doc. No. 1380.   That motion argued, among other things, that the government's experts must be precluded from discussing certain tests, including the PAI, and various statements by the defendant.   Id. at 7-8, 9-14.   Notably, that motion still did not mention that the defendant intended to call Dr. Rogers as an expert, or that Dr. Rogers himself had utilized the PAI test during his examinations in 2022, or that Dr. Rogers had elicited many statements by the defendant about the attack.   Id.

On the morning of June 23, 2023—months after the Court ordered the defendant to disclose his mental health experts and on the eve of the eligibility phase of this trial—the defendant provided the United States with a copy of Dr. Rogers's report.   See Exhibit G (June 23, 2023, Letter).   The defense team stated that, "[g]iven the government experts' reports and conclusions, we now intend to call Dr. Rogers as an expert, either in our case in chief or in rebuttal."   Id.   The defendant provided no further justification for this belated disclosure nor any explanation for his objection to the administration and admission of PAI testing by a government expert.

## II.    ARGUMENT

Courts have uniformly held that a trial court has broad discretion to exclude expert witnesses disclosed after a court deadline.   See United States v. Hoffecker, 530 F.3d 137, 185 (3d Cir. 2008) ("Courts of appeals have upheld the exclusion of experts when defendants fail to serve timely notice of their intent to call them as witnesses.") (superseded by regulation); Semper v. Santos, 845 F.2d 1233, 1238 (3d Cir. 1988) ("The trial court's exclusion of testimony because of the failure of counsel to adhere to a pretrial order will not be disturbed on appeal absent a clear abuse of discretion."); United States v. Petrie, 302 F.3d 1280, 1288–89 (11th Cir. 2002) ("We find that the trial court properly exercised its discretion in precluding Petrie's expert from testifying at

4

trial, based on lateness of notice to the government;" "The defendant waited until Friday afternoon prior to the commencement of trial . . . to disclose his expert to the government.  This disclosure was clearly untimely under Rule 16(b)(1)(C)[3] . . . . In this regard, it is also worth noting that almost a year and a half had passed between the return of the superseding indictment and Petrie's trial."); United States v. Sam, No. 21-CR-81-CVE, 2022 WL 759524, at *1 (N.D. Okla. Mar. 11, 2022) ("District courts have broad discretion to exclude untimely expert testimony.").

This is true even where a party categorizes the untimely disclosure as "rebuttal" expert testimony.  Semper, 845 F.2d at 1238 (excluding an expert witness who had not been timely disclosed, even where the party offered the witness in "rebuttal," because it was simply "a back-door attempt to bolster the case-in-chief") (internal quotation marks omitted).

The Third Circuit has upheld the exclusion of late-disclosed expert witnesses where the defendant offers no explanation as to "why his notice was late," a substantial amount of time has passed since the indictment, and the likely reason for the late disclosure is "a change or refinement of [the defendant's] trial strategy." Hoffecker, 530 F.3d at 188.  Here, the defendant first identified Dr. Rogers as an expert witness almost four months after the Court's order requiring that disclosure

---

[3]    Some courts have held that Rule 16 applies to the penalty phase of a capital trial. See, e.g., United States v. Wilson, 493 F. Supp. 2d 348, 355–56 (E.D.N.Y. 2006) (analyzing the issue at length and holding that "the disclosure provisions of Rule 16(b)(1)(C) should apply to mental condition mitigation evidence in a death penalty trial"). Regardless of whether Rule 16 applies, however, "the policies which underlie Rule 16 are implicated in the penalty phase context, and thus Rule 16 disclosure ought to be extended in this manner, even if not statutorily required." Id. Under Rule 16, if a party fails to comply with the expert disclosure requirements, the court may "prohibit that party from introducing the undisclosed evidence." Fed. R. Crim. P. 16(d). Rule 16 is meant "to prevent the defendant from obtaining an unfair advantage.  For example, in cases where both prosecution and defense have employed experts to make psychiatric examinations, it seems as important for the government to study the opinions of the experts to be called by the defendant in order to prepare for trial as it does for the defendant to study those of the government's witnesses." Id., advisory committee notes to 1966 Amendment (emphasis added).  This policy underlying Rule 16 applies with equal force in a capital sentencing trial.  And, in any event, this Court has the inherent authority to enforce its own orders.  This is not the first time the defendant has simply refused to consider himself bound by this Court's orders.  This latest failure was not a deadline missed by a few hours, or even a few days.  The defense has had Dr. Rogers' report for over five months, and they made a tactical decision—to withhold the report—and chose not to identify him in response to this Court's direct order to name all of the experts whom they intended to call as mental health experts under Rule 12.2.

(March 3, 2023), almost five months after Dr. Rogers completed his report (January 19, 2023), and almost five years after the defendant's arrest. The defendant's untimely disclosure, even when construed most favorably, is the apparent result of a change in trial strategy. Indeed, he did not identify Dr. Rogers as a witness until <u>after</u> receiving the government's expert reports. What's more, the defendant affirmatively represented that only <u>one</u> psychologist (not Dr. Rogers) would testify, and that a test that Dr. Rogers had performed on the defendant had <u>not</u> been utilized by his testifying experts. He even moved to preclude the government's expert from testifying about that same test two days before he identified Dr. Rogers as an expert and provided his report to the government. The defense also expressly misrepresented to the Court that Dr. Rogers's conclusions awaited the data from Dr. Martell, even though Dr. Rogers had finalized his report months earlier. The Court should reject this sort of gamesmanship.

To the extent the defendant may argue Dr. Rogers will only appear in rebuttal, and that he only realized the need to call him as a witness after reviewing the PAI data, the Court should reject this attempt at an end-run around this Court's unambiguous orders. First, the <u>government</u>, not the defendant, is putting on rebuttal mental health witnesses. Second, even assuming the Court will allow the defendant to put on a rebuttal to the government's rebuttal, as explained above, the defendant has known since May 10, 2023, that Dr. Martell intended to perform the PAI test. And he had his own results of a PAI test <u>from Dr. Rogers</u> from at least January 2023. This belies any claim that Dr. Martell's report abruptly raised the issue of the need to rebut PAI results for the first time days before the eligibility phase commences.

6

Under these circumstances, and especially given the Court's prior rulings that reflect an effort to avoid unfair surprise, exclusion of Dr. Rogers's testimony is the appropriate remedy.  A proposed Order is attached.

Respectfully submitted,

ERIC G. OLSHAN
UNITED STATES ATTORNEY

s/Eric G. Olshan
ERIC G. OLSHAN
United States Attorney
IL ID No. 6290382

s/Troy Rivetti
TROY RIVETTI
Assistant U.S. Attorney
PA ID No. 56816

s/Soo C. Song
SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

s/Nicole Vasquez Schmitt
NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
PA ID No. 320316

s/Mary J. Hahn
MARY J. HAHN
Trial Attorney
Civil Rights Division
DC ID No. 500193

s/Barry K. Disney
BARRY K. DISNEY
Trial Attorney
Capital Case Section
KS ID No. 13284

<u>s/Aaron J. Stewart</u>
AARON J. STEWART
Trial Attorney
Capital Case Section
OK ID No. 31721

8