IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT BOWERS | Criminal No. 18-292 |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO ADOPT ELIGIBILITY PHASE VERDICT FORM (Doc. 1415)**

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, Troy Rivetti, Soo C. Song, and Nicole Vasquez Schmitt, Assistant United States Attorneys for said district, Mary J. Hahn, Trial Attorney, Civil Rights Division, and Barry K. Disney and Aaron J. Stewart, Trial Attorneys, Capital Case Section, and respectfully submits this response in opposition to the defendant's Motion to Adopt Eligibility Phase Verdict Form, Doc. No. 1415.

The defendant filed a motion asking the Court to amend its proposed eligibility verdict form in two ways. First, the defendant asks that the form not include an option for the jury to indicate that they have unanimously rejected a threshold intent factor, and instead indicate that they did not unanimously find the intent factor established. Doc. No. 1415 at 1-2. Second, the defendant asks that the verdict form inform the jury that as soon as they find one intent factor established, they may skip the rest and proceed to the next section. Id. at 2. The Court should reject both proposals.

First, the Court's proposed verdict form properly provides the jury with the appropriate options for determining threshold intent factors. The United States has maintained throughout this case that the public has a strong interest in unanimous verdicts. See Doc. Nos. 942 at 9-10; 965 at

2-4. The Supreme Court has recognized that a unanimous verdict is the object of the jury system and has confirmed that the government has "a strong interest in having the jury express the conscience of the community on the ultimate question of life or death." Jones v. United States, 527 U.S. 373, 379 (1999).  The proposed verdict form reflects those interests by directing the jury to unanimously accept or reject a threshold intent factor.  Adopting the defendant's proposed change could lead the jury to avoid required deliberation on contested issues, and forgo their duty to determine whether they are able to return a unanimous verdict.  As Jones recognized, the very object of the jury system is to reach a unanimous verdict.  The defendant's proposed verdict form will undermine that object.

      The defendant offers no substantive support for his proposal.  He cites United States v. Olivia for the proposition that the "Third Circuit disfavors setting forth questions to a jury that have no bearing on any issue and that are not necessary," Doc. No. 1415 at 3, but Olivia says no such thing.  In Olivia, the Third Circuit merely noted that a district court did not abuse its discretion by opting not to employ special interrogatories.  790 F. Appx. 352, 352 (3d Cir. 2019).  While the district court based its decision on a desire not to confuse the jury, the Third Circuit did not pass on the substantive question.  Nor do the many verdict forms the defendant references provide any real guidance to the Court.  The mere fact that courts have adopted certain verdict forms says nothing about whether those decisions were substantively correct or wise.  This Court has the discretion to craft accurate and helpful verdict forms, and it has done so in this case.  The Court should not change the verdict form to encourage non-unanimity in the deliberation room.

      The Court should also reject the defendant's second proposal, which is to instruct the jury to skip all other intent factors once it has found one factor established.  It is completely proper for the jury to be instructed that they may find that one or more intent factors have been established.

See <u>United States v. Jackson</u>, 327 F.3d 273, 300-01 (4th Cir. 2003) (finding no error "in allowing the jury to find and consider all four intent factors when any one of them alone was sufficient to support imposition of the death penalty").  The Court has already ruled twice that consideration of multiple threshold intent factors is proper.  See <u>United States v. Bowers</u>, 498 F. Supp. 3d 741, 747 (W.D. Pa. 2020) ("Because the intent factors set forth in § 3591 are threshold factors that do not play any role in the weighing process under the FDPA, there is no danger of prejudicial skewing or double counting."); <u>United States v. Bowers</u>, Cr. No. 18-292, 2023 WL 4134865, at *2 (W.D. Pa. June 22, 2023) ("The intent factors set forth in § 3591 are threshold factors that do not play any role in the weighing process under the FDPA, and there is thus no danger of prejudicial skewing or double counting.").  And the Court's proposed eligibility phase instructions inform the jury that they will consider "whether the Government has proven beyond a reasonable doubt and to your unanimous satisfaction <u>one or more</u> threshold intent factors."  Proposed Eligibility Phase Instructions at 2.  The Court's proposed verdict form is accurate and consistent with the law and with its prior rulings in this case.  The Court should therefore reject the defendant's proposed amendment.

Based on the foregoing reasoning and authority, the Court should reject the defendant's proposed amendments to the verdict form.

Respectfully submitted,

ERIC G. OLSHAN
UNITED STATES ATTORNEY

s/Eric G. Olshan
ERIC G. OLSHAN
United States Attorney
IL ID No. 6290382

        s/Troy Rivetti
        TROY RIVETTI
        Assistant U.S. Attorney
        PA ID No. 56816

        s/Soo C. Song
        SOO C. SONG
        Assistant U.S. Attorney
        DC ID No. 457268

        s/Nicole Vasquez Schmitt
        NICOLE VASQUEZ SCHMITT
        Assistant U.S. Attorney
        PA ID No. 320316

        s/Mary J. Hahn
        MARY J. HAHN
        Trial Attorney
        Civil Rights Division
        DC ID No. 500193

        s/Barry K. Disney
        BARRY K. DISNEY
        Trial Attorney
        Capital Case Section
        KS ID No. 13284

        s/Aaron J. Stewart
        AARON J. STEWART
        Trial Attorney
        Capital Case Section
        OK ID No. 31721