IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                )          Criminal No. 18-292<br>)<br>ROBERT BOWERS                         ) | |

**RESPONSE TO GOVERNMENT'S NOTICE OF PROPOSED AMENDMENTS
TO COURT'S DRAFT ELIGIBILITY PHASE
JURY INSTRUCTIONS AND VERDICT FORM**

Robert Bowers, through counsel, responds to the government's Notice concerning the Court's draft eligibility phase jury instructions and verdict form. *See* ECF 1425. With respect to the proposed jury instruction modifications identified in the government's Notice (ECF 1425), the defense objects to the following: ECF1425-1 at 4, ECF 1425-1 at 16, and ECF 1425-1 at 24. Below, the defense outlines its positions on the government's proposed modifications, in the order presented in the government's Notice.

**I.     Government's proposed wording changes**

- The government proposes: "On page 16 of the Draft Eligibility Phase Jury Instructions, replace the first sentence with the following language: 'The Government and the defense introduced evidence that Robert Bowers made statements to law enforcement officials and mental health experts.'"

The sentence should state, "Evidence was introduced that Robert Bowers made statements . . . ." There is no need to articulate in the instructions that the government and defense introduced Mr. Bowers' statements when both parties relied on the same statements.

1

- The government proposes: "On page 29 of the Draft Eligibility Phase Jury Instructions, change the word 'victims' to 'victim' in the second and third paragraphs."

The defense has no objection.

- The government proposes: "On page 29, of the Draft Eligibility Phase Jury Instructions, add the phrase 'for a particular count' between 'To establish the existence of this factor' and 'the Government must prove beyond a reasonable doubt' in the second paragraph."

The defense has no objection.

- The government proposes: "On page 30 of the Draft Eligibility Phase Jury Instructions, change the phrase 'cause the death of the victims' in the first paragraph to 'cause the death of a person.'"

The defense has no objection.

- The government proposes: "In the first paragraph of page 33 of the Draft Eligibility Phase Jury Instructions, add 'regarding the offenses charged in Counts 1 through 11 and 23 through 33' after 'Government is that.'"

The defense has no objection.

## II.   No curative instruction is necessary or appropriate

Without identifying any prejudice it suffered or providing any response to the defense Motion for Reconsideration of the Court's text Order at ECF 1397, *see* ECF 1399, the government argues for the Court to interject curative language into its final eligibility phase instructions. The government ignores the fact that the Court and

government misconstrued the defense opening statement. As the defense pointed out in its Motion for Reconsideration, "Under a plain reading of the instruction that informs the jury that the government must prove 'a level of intent sufficient to allow consideration of the death penalty,' the determination of the sufficiency of the level of intent is part and parcel of the inquiry into whether the government proved the threshold intent factor." ECF 1399 at 5. Whether, for example, the government has proven that Mr. Bowers acted with a conscious desire or purpose requires the jury to determine, in their "good discretion," the level of intent sufficient to meet that finding. The government proposes to make the jury believes its task is mechanical when the law leaves it to each juror's discretion to determine whether the level of intent proven is sufficient to establish that Mr. Bowers acted with a conscious desire or purpose to cause a person's death. The defense argument is consistent with the law.

The government's so-called curative language is confusing, redundant, and unnecessary, and it misstates the jury's task. The government first proposes that the Court add the following sentence before the last sentence of the third paragraph on page 4 of the Court's draft eligibility phase instructions: "You must also follow the law as I have given it to you, and you should disregard any statements or arguments by counsel that are inconsistent with my instructions on the law." ECF 1425 at 3. The Court's instructions already appropriately guide the jury to disregard counsel's statements that are inconsistent with the Court's instructions. On page 26 of the Court's draft instructions, the Court already instructs:

> Moreover, if any statement by counsel about the law guiding your deliberations appears to be different, you must be guided by these instructions and the *Eligibility Phase Verdict Form* that I give you. It would be a violation of your sworn duty as jurors to base your decision upon any view of the law other than that reflected in these instructions and the *Eligibility Phase Verdict Form.*

It would be unnecessary for the Court to restate this instruction and risk inviting speculation about which party, if any, misstated the law.

The government next proposes that the Court modify its instruction on page 24 to state:

> If you unanimously find that the Government has proven beyond a reasonable doubt the existence of one or more of the threshold intent factors for each count, then you should find that the Government has proven the particular threshold intent factor for each of the counts. A finding as to the existence of one or more of the threshold intent factors is sufficient to satisfy the Government's burden to prove intent as defined by the law. You should disregard any statements made by counsel to the contrary, and you should not substitute your own notion or opinion about the level of intent that should be required for consideration of the death penalty.

ECF 1425 at 4.

The government's proposed additional language is redundant and confuses the issue for the jury. The first proposed sentence ("If you unanimously find that the Government has proven beyond a reasonable doubt the existence of one or more of the threshold intent factors for each count, then you should find that the Government has proven the particular threshold intent factor for each of the counts") is nonsensical and confusing. The Court's previous sentence articulates the finding the jury must make. The government's proposed additional language simply confuses the issue rather clarifying the jury's task.

With respect to the next two sentences of the government's proposed additional language, the Court already has used the terms "sufficient" and "level of intent" in a different context in its preliminary instructions and the defense appropriately argued, as noted in the defense Motion for Reconsideration, that the terms "sufficient" and "level of intent" are part and parcel of the inquiry into whether the government proved the threshold intent factors. The government now wants to extract these terms from the context in which the Court used them in its preliminary instructions to give them different meaning. As the defense noted in its Motion for Reconsideration, any attempt at this juncture to alter the Court's instructions in a way that prevents Mr. Bowers from repeating in closing argument what he articulated in opening statement violates Mr. Bowers' Fifth, Sixth, and Eighth Amendment rights. *See* ECF 1399 at 10–12. The defense relied on the Court's preliminary instructions, particularly its use of the terms "sufficient" and "level of intent," and correctly noted that the jury's task is to use its discretion to determine whether the level of intent is sufficient; that is, whether the intent is sufficient to establish, for example, a conscious desire or purpose to cause death such that Mr. Bowers is eligible for the death penalty. This is a correct articulation of the Court's instructions, the law, and the jury's ultimate task. No curative instruction is necessary or appropriate and the Court should reject the government's attempt at limiting defense argument.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael N. Burt*
Michael N. Burt
Law Offices of Michael Burt, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender

*/s/ Ashwin Cattamanchi*
Ashwin Cattamanchi
Assistant Federal Public Defender