IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                                       )
      v.                             )          Criminal No. 18-292
                                       )          **UNDER SEAL**
ROBERT BOWERS                )

**MOTION TO EXCLUDE IRRELEVANT EVIDENCE REGARDING
SELECTION OF SITE NON-STATUTORY AGGRAVATING FACTOR**

Robert Bowers, through undersigned counsel, submits this Motion to Exclude Irrelevant Evidence Regarding Selection of Site Non-Statutory Aggravating Factor. Much of the evidence that the government will seek to introduce in support of this aggravating factor was unknown to Mr. Bowers at the time of the capital crimes in this case and it is therefore irrelevant and inadmissible at the selection phase.

In its Notice of Intent to Seek the Death Penalty, ECF 86 at 4, the government alleges as a non-statutory aggravating factor the following:

3.    **Selection of Site**. ROBERT BOWERS targeted men and women participating in Jewish religious worship at the Tree of Life Synagogue, located in the Squirrel Hill neighborhood of Pittsburgh, Pennsylvania, which is home to one of the largest and oldest urban Jewish populations in the United States, in order to maximize the devastation, amplify the harm of his crimes, and instill fear within the local, national, and international Jewish communities.

1

The government states that it intends to call as a witness at the selection phase Dr. Barbara Burstin, Ph.D., an adjunct faculty member at Chatham University and the University of Pittsburgh who, over the course of her career, "has taught courses and published in the areas of Pittsburgh History and specifically the history of the Jewish population in the Pittsburgh area." The government's notice regarding Burstin's testimony further stated:

> Dr. Burstin will testify regarding the history of the Jewish population in Pittsburgh, which dates to at least the 1840s. She will testify that Pittsburgh's urban Jewish community is one of the oldest and largest remaining urban Jewish communities in the United States, and that the epicenter of this community for the past approximately 100 years has been the Squirrel Hill neighborhood.

It is well settled that a jury's discretion to impose the death sentence must be "suitably directed and limited so as to minimize the risk of wholly arbitrary and capricious action." *Gregg v. Georgia*, 428 U.S. 153, 189 (1976) (joint opinion of Stewart, Powell and Stevens, JJ)). The job of the jurors is to "make an *individualized* determination" whether the defendant in question should be executed, based on "the character of the individual and the circumstances of the crime." *Zant v. Stephens*, 462 U.S. 862, 879 (1983) (emphasis in original); *see also Lewis v. Jeffers*, 497 U.S. 764, 776 (1990) (sentencer must make "a principled distinction between those who deserve the death penalty and those who do not"). Accordingly, evidence received at the trial must have some bearing on the defendant's "personal responsibility and moral guilt." *Enmund v. Florida*, 458 U.S. 782, 801 (1982). If not, an unacceptable risk is created that a death

sentence will be based on considerations that are "constitutionally impermissible or totally irrelevant to the sentencing process." *Stephens*, 428 U.S. at 885.

In order to have the requisite relevance to personal responsibility and moral guilt, evidence offered to support an aggravating factor must have been known to the defendant at the time of the capital offenses.[1] However, there is no indication from discovery or from the government's pleadings that Mr. Bowers was aware of any of the history of Squirrel Hill, its significance in Jewish history or its significance today.

The Court previously said that "the focus of this factor is not on victim impact, but on Defendant's motivation for choosing the Tree of Life Synagogue as his target" – that is, "the reasons Defendant chose Tree of Life." ECF 335 at 22. Absent evidence that Mr. Bowers knew of the facts asserted in Dr. Burstin's proposed testimony, he could not have based his reasons for choosing the Tree of Life Synagogue on those facts. Dr. Burstin's testimony is therefore irrelevant to the jury's sentencing decision and should be excluded.

---

[1] An exception to this rule was carved out by the Supreme Court for victim impact evidence in *Payne v. Tennessee*, 501 U.S. 808 (1991).

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael N. Burt*
Michael N. Burt
Law Offices of Michael Burt, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender

*/s/ Ashwin Cattamanchi*
Ashwin Cattamanchi
Assistant Federal Public Defender

4