IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 18-292 |
| ROBERT BOWERS | |

**UNITED STATES' SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Troy Rivetti, Soo C. Song, and Nicole Vasquez Schmitt, Assistant United States Attorneys for said district, and Mary J. Hahn, Trial Attorney, Civil Rights Division, and Barry K. Disney and Aaron J. Stewart, Trial Attorneys, Capital Case Section, and respectfully submits this Sentencing Memorandum to assist the Court in preparing for the sentencing hearing and in determining the appropriate sentence for the 41 counts of conviction that were not subject to the jury's sentencing verdict: Counts 12 through 22, and 34 through 63.

## I.    VICTIM IMPACT

As the Court is aware, both survivors of the defendant's attack upon the Tree of Life Synagogue on October 27, 2018, and family members of the 11 victims killed by the defendant intend to exercise their right to be heard at the sentencing hearing on August 3, 2023, pursuant to 18 U.S.C. § 3771(a)(4).  The United States anticipates that approximately 22 witnesses will present statements to the Court and, accordingly, intends to implement reasonable limitations upon impact

statements to assure that the hearing will conclude within a day.  Those victim impact statements that have been received will be filed under seal.

Under Federal Rule of Criminal Procedure 32(i)(4)(B), before a sentence is imposed, this Court is required "to address any victim of the crime who is present at sentencing and must permit the victim to be reasonably heard."  This provision is intended to incorporate the terms of the Crimes Victims' Rights Act ("CVRA"), which recognizes that victims of federal crimes have the right "to be reasonably heard" in judicial proceedings with respect to sentencing.  See 18 U.S.C. § 3771(a)(4); United States v. Degenhardt, 405 F.Supp.2d 1341, 1344-47 (D. Utah 2005) (discussing the Act's legislative history); see also U.S.S.G. § 6A1.5 ("[T]he court shall ensure that the crime victim is afforded the rights described in 18 U.S.C. § 3771 and in any other provision of federal law pertaining to the treatment of crime victims.").

The CVRA is intended to give victims an opportunity to actively participate in the sentencing proceedings by orally informing the court how their lives have been impacted by criminal acts.  See United States v. Green, 389 F. App'x 146, 148-49 (3d Cir. 2010) (finding no plain error from court's inquiry of victim's opinion of possible sentence for defendant).

No victim should be subjected to cross-examination when providing a statement pursuant to the CVRA.  This is because victim statements under the CVRA are made pursuant to the victims' "independent right" to be heard at sentencing.  United States v. Vampire Nation, 451 F.3d 189, 197 n.4 (3d Cir. 2006) ("The right is in the nature of an independent right of allocution at sentencing.").  See also United States v. Parnell, 2015 WL 5559818 at *3 (M.D. Ga. 2015), aff'd, 723 F. App'x 745 (11th Cir. 2018), cert. denied, 139 S. Ct. 491 (2018) and cert. denied, 139 S. Ct.

353 (2018).  As important, there is no requirement that a crime victim exercising his or her CVRA

rights be placed under oath.[1]  See United States v. Grigg, 434 F. Appx. 530, 533 (6th Cir. 2011)

(citing cases) ("Every court that has examined this issue has held that there is no requirement to

swear in CVRA victims."); United States v. DeAngelis, 243 F. App'x 471, 474-75 (11th Cir. 2007)

(where sentencing court found unsworn victim statements reliable, defendant unable to challenge

the statements).

II.      **SENTENCING**

A.      **Restitution Pursuant to 18 U.S.C. §§  3663A, 3663 and 3664**

Due to the proximity of sentencing in relation to the jury's verdict, and because there have

been additional compensable costs accrued in relation to the sentencing, the United States requests

that the Court defer any order of restitution to a date within 90 days from the date of sentencing,

consistent with 18 U.S.C. § 3664 (d)(5).  The United States will file its restitution request within

45 days from the date of sentencing to allow for any objections by the defendant for the Court to

determine the appropriate sentence under the law.

B.      **18 U.S.C. § 3553(a) Factors**

Based upon the totality of the evidence at trial, as well as a review of the applicable

statutory sentencing factors codified in 18 U.S.C. § 3553(a), the United States intends to seek the

---

[1]      Preventing the defendant from cross-examining the victim does not infringe upon any right to confrontation, because no such right exists at sentencing.  "Both the Supreme Court and this Court of Appeals have determined that the Confrontation Clause does not apply in the sentencing context and does not prevent the introduction of hearsay testimony at a sentencing hearing."  United States v. Robinson, 482 F.3d 244, 246 (3d Cir. 2007).  See also United States v. Powell, 650 F.3d 388, 392-93 (4th Cir. 2011) (same) (collecting cases); United States v. Cantellano, 430 F.3d 1142, 1146 (11th Cir. 2005) (noting that "the right to confrontation is not a sentencing right").

statutory maximum sentence for each of the counts in the Superseding Indictment that were not determined by the jury's verdict: Counts 12 through 22, and 34 through 63.  Such sentences are necessary given the violent and murderous aspects of the defendant's crimes and in order to protect the public, reflect the seriousness of the offenses, provide just punishment, and afford adequate deterrence to criminal conduct.  See 18 U.S.C. § 3553(a).  A sentencing calculation chart is attached as an Exhibit to this filing.

## V.    CONCLUSION

Based upon the foregoing, the United States respectfully requests that the Court receive victim impact statements and proceed with the sentencing hearing on August 3, 2023.

Respectfully submitted,

ERIC G. OLSHAN
UNITED STATES ATTORNEY

s/Eric G. Olshan
ERIC G. OLSHAN
United States Attorney
IL ID No. 6290382

s/Troy Rivetti
TROY RIVETTI
Assistant U.S. Attorney
PA ID No. 56816

s/Soo C. Song
SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

s/Nicole Vasquez Schmitt
NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
PA ID No. 320316

4

s/Mary J. Hahn
MARY J. HAHN
Trial Attorney
Civil Rights Division
DC ID No. 500193

s/Barry K. Disney
BARRY K. DISNEY
Trial Attorney
Capital Case Section
KS ID No. 13284

s/Aaron J. Stewart
AARON J. STEWART
Trial Attorney
Capital Case Section
OK ID No. 31721